721 So.2d 843 (1998)
STATE of Louisiana
v.
David STEVISON.
No. 97-KK-3122.
Supreme Court of Louisiana.
October 30, 1998.
Rehearing Denied January 15, 1999.
*844 Richard P. Ieyoub, Atty. Gen., Robert "Rick" Bryant, Dist. Atty., Robert Stratton, Baton Rouge, Robert Lane Wyatt, Lafayette, for Applicant.
Donald Whitehead North, Baton Rouge, for Respondent.
PER CURIAM.[*]
In this prosecution for DWI, third offense, the trial court granted the defendant's motion to suppress one of the two prior convictions alleged by the state in the bill of information. The motion alleged, and the district court agreed, that the contemporaneous records of defendant's 1994 guilty plea to DWI, first offense, in the City Court of Sulphur, Louisiana, failed to reflect a knowing and intelligent waiver of his right to counsel. See State v. Deroche, 96-1376, p. 2 (La.11/8/96), 682 So.2d 1251, 1252 (uncounseled misdemeanor convictions may not serve as the predicate for enhancement of a subsequent DWI offense); State v. Pugh, 588 So.2d 702 (La.1991) (same). The court of appeal denied review without written reasons. State v. Stevison, 97-1392 (La.App. 3rd Cir.11/24/97). Because the totality of the circumstances surrounding the 1994 guilty plea demonstrate a valid waiver of the defendant's right to counsel, we reverse the judgment below.
An indigent defendant in Louisiana has the constitutional right to appointed counsel in any misdemeanor case punishable by a term of imprisonment. La. Const. art. I, § 13; cf. Scott v. Illinois, 440 U.S. 367, 374, 99 S.Ct. 1158, 1162, 59 L.Ed.2d 383 (1979) (Sixth Amendment right to counsel attaches in misdemeanor cases only when a sentence of imprisonment is actually imposed); Nichols v. United States, 511 U.S. 738, 748, n. 12, 114 S.Ct. 1921, 1928, 128 L.Ed.2d 745 (1994) ("States may decide, based on their own constitutions or public policy, that counsel should be available for all indigent defendants charged with misdemeanors[;] many, if not a majority, of States guarantee the right to counsel whenever imprisonment is authorized by statute, rather than actually imposed."). Before a court may accept an uncounseled plea to a misdemeanor offense in Louisiana, it must expressly advise the accused of his right to counsel and to appointed counsel if he is indigent, and determine, "`on the record that the waiver is made knowingly and intelligently under the circumstances.'" Deroche, 96-1376, p. 1, 682 So.2d at 1252 (quoting State v. Strain, 585 So.2d 540, 543 (La.1991)). Although Strain observed that "[f]actors bearing on the validity of [the waiver] include the age, education, experience, background, competency and conduct of the accused," id., 585 So.2d at 543, we did not thereby establish *845 inflexible criteria or a magic word formula for determining the voluntariness of a waiver. The inquiry into the validity of the accused's waiver of counsel must take into account the totality of the circumstances in each case. Id.
In this case, the contemporaneous record of the defendant's 1994 guilty plea shows that the trial court did not specifically inquire into the defendant's education or personal background before accepting his waiver of counsel and tender of a guilty plea. On the other hand, the record also shows that after expressly advising the defendant of his right to appointed counsel if he could not afford an attorney, the trial court immediately took action when the defendant, who had previously indicated off the record that he wanted to plead guilty, replied that he had no money for an attorney but would "like to talk to a lawyer before I do anything." The judge asked John Fitzgerald, a public defender present in court, to speak with the defendant. The court informed Fitzgerald of the charges against the defendant and gave the attorney the case file. The court also advised the defendant that Fitzgerald would represent him if he requested appointed counsel.
After discussing the case with Fitzgerald, the defendant informed the court that he wished to waive counsel and handed the court a signed plea of guilty form and waiver of constitutional rights. Fitzgerald informed the court that he had explained those rights to the defendant, although he "didn't have the form in front of me," and that the defendant appeared to understand them. The court properly relied on those assurances, State v. Halsell, 403 So.2d 688, 692 (La.1981), and then went over the form with the defendant before accepting his guilty plea. When questioned by the trial court whether he understood each right waived, the defendant responded, "Yes, sir." During this colloquy, the defendant also informed the court that he had been convicted in Texas of disturbing the peace and fined 80 dollars. This colloquy gave the court an opportunity to measure the defendant's capacity to understand the rights he was waiving and the nature of his previous discussion with Fitzgerald, particularly with regard to the critical decision of whether to waive the right to trial. The circumstances in this case fully support a finding that the defendant knew what it meant to forego formal representation by an attorney and that he proceeded to waive counsel and enter his guilty plea with "`eyes open.'" Strain, 585 So.2d at 542 (quoting Adams v. United States ex rel. McCann, 317 U.S. 269, 279, 63 S.Ct. 236, 242, 87 L.Ed. 268 (1942)).
The judgment of the district court granting the motion to suppress is therefore reversed and this case is remanded for all further proceedings not inconsistent with this opinion.
JUDGMENT REVERSED; REMANDED TO DISTRICT COURT.
NOTES
[*] Knoll, J., not on panel. See Rule IV, Part II, § 3.