746 So.2d 185 (1999)
STATE of Louisiana
v.
William PICKETT (Sentenced as "William R. Pickett").
No. 99-KA-532.
Court of Appeal of Louisiana, Fifth Circuit.
October 26, 1999.
*186 Joel Levy, Marrero, Louisiana, Attorney for Defendant-Appellant, William R. Pickett.
Paul D. Connick, Jr., District Attorney, Rebecca J. Becker, Terry Boudreaux, Greg Kennedy, Ron Austin, Assistant District Attorneys, Gretna, Louisiana, for Appellee, the State of Louisiana.
Court composed of Judges H. CHARLES GAUDIN, CHARLES GRISBAUM, Jr. and SUSAN M. CHEHARDY.
CHEHARDY, Judge.
William R. Pickett appeals his conviction of third-offense DWI on the basis that the two prior convictions used as predicates for this one are invalid. We affirm the conviction, for the reasons that follow.
On February 6, 1998 Pickett was charged with violation of La. R.S. 14:98, driving while intoxicated (DWI), third offense. Defendant filed a motion to quash the bill of information on the ground that the predicate convictions were invalid because he did not have the assistance of counsel during one of the predicate convictions and the record does not affirmatively show his guilty pleas were intelligent and voluntary. The trial court denied the motion to quash and the defendant sought writs, which were denied. State v. Pickett, 99-K-174 (La.App. 5 Cir. 2/25/99).
On March 8, 1999, defendant was allowed to re-urge his motion to quash. The trial judge again denied the motion to quash and defendant objected. After the trial court denied his motion, the defendant withdrew his plea of not guilty and entered a plea of guilty to third offense driving while intoxicated ("DWI") under La.C.Cr.P. art 893, reserving his right to appeal the denial of his motion to quash under State v. Crosby, 338 So.2d 584 (La. 1976).
In exchange for his guilty plea, the State agreed to dismiss an outstanding misdemeanor charge of illegal lane usage. After engaging the defendant in a Boykin colloquy, the trial judge accepted his guilty plea to third offense DWI. The trial judge sentenced defendant to one year imprisonment, with six months to be served on home incarceration without benefit of parole, probation, or suspension of sentence, and the remaining six months suspended. He was ordered to pay a fine of $300.00, a commissioner's fee of $100.00, and court costs. He was also ordered to complete an outpatient alcohol treatment plan, to refrain from consuming alcoholic beverages, to complete an approved driver safety course, and to install a vehicle interlock breath analyzer system in his vehicle, should his driving privileges be reinstated. He was placed on one year of active probation and ordered to pay a monthly probation supervision fee of $20.00. Lastly, the vehicle that he was driving at the time of his arrest for third offense DWI was forfeited and sold at auction.
The bill of information charging the defendant with third offense DWI alleges that he had previously been convicted of driving while intoxicated on January 24, 1994 in Jefferson Parish Second Parish Court, docket number 5554438, and on *187 February 1, 1995 in Second Parish Court, docket number 510060.[1]
ASSIGNMENT OF ERROR NO. 1
The trial court erred in denying the Motion to Quash the bill of information charging the defendant with third offense DWI (driving while intoxicated).
Defendant complains that the trial judge improperly denied his motion to quash the bill of information because neither his 1994 nor his 1995 predicate DWI conviction can be used to enhance a subsequent offense.
With respect to his 1994 guilty plea, the defendant contends he was not represented by counsel at the guilty plea proceeding and that his constitutional rights were not validly waived because the trial judge failed to make any inquiries into defendant's background or ability to understand the proceedings. Defendant further claims that he was not informed of his right to counsel at all stages of the proceedings, of the sentencing exposure for his offense, or of the penalties for a subsequent DWI conviction.
With respect to his 1995 guilty plea, although defendant was represented by counsel, he contends that his constitutional rights were not validly waived because he was not informed by the trial judge of the sentencing exposure for his offense or the penalties for a subsequent DWI conviction.
A presumption of regularity attaches to prior convictions in multiple-offender DWI cases and the burden is on the defendant to show a constitutional deficiency in the judgment once the State proves the existence of the conviction. State v. Duane Carlos, 98-1366 (La.7/7/99), 738 So.2d 556, n. 5. Carlos extended the burden-shifting principles of State v. Shelton, 621 So.2d 769 (La.1993),[2] to the multiple offender portions of the DWI statute:
[W]hen a defendant denies the allegations contained in the bill of information in a habitual offender proceeding, the burden is on the State to prove the existence of the prior guilty pleas and that the defendant was represented by counsel when they were taken.... If the State meets this initial burden, the defendant must produce affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea.... If the defendant carries this burden, then the burden reverts to the State to prove the constitutionality of the plea.... The State will meet this burden by producing a "perfect" transcript of the guilty plea colloquy.... Anything less than a "perfect" transcript, such as a guilty plea form or minute entry, will require the trial judge to weigh the evidence submitted by both sides and determine whether the defendant's Boykin rights were prejudiced. [Citations and footnotes omitted.]
Carlos, 738 So.2d at 559.
A perfect transcript reflects a voluntary, informed, and articulated waiver of the three specific rights mentioned in Boykin.[3]Carlos, p. 5, n. 4.
*188 In the present case, the State filed a bill of information against defendant alleging that he had two prior DWI convictions. Defendant filed a motion to quash the bill of information alleging that his constitutional rights were violated. Then, at a hearing on the motion to quash on March 8, 1999, the transcripts of both prior guilty plea proceedings were introduced into evidence.
The transcripts of the prior guilty plea proceedings show that relator was informed of his right to counsel, his right to avoid self-incrimination, his right to face his accusers, and his right to a trial. Thus, it appears that the State met both burdens of proof delineated by the Louisiana Supreme Court in Carlos.
In this case, the State sought to enhance defendant's underlying DWI offense to third offense DWI using evidence of two prior DWI convictions. Importantly, the State presented evidence that defendant had pleaded guilty to two previous DWI offenses in Second Parish Court before the same trial judge.
Relative to his 1994 guilty plea, defendant argues that it cannot be used to enhance a subsequent offense because he was not represented by counsel. He contends that his 1994 plea is defective because his right to counsel was not validly waived because the trial judge failed to make any inquiries into defendant's background or ability to understand the proceedings and that he was not informed of his right to counsel at all stages of the proceedings. Lastly, he claims that this 1994 guilty plea is defective because the trial judge accepted his plea without informing him of the sentencing exposure for his offense or the penalties for a subsequent DWI conviction.
To use a prior DWI guilty plea to enhance the penalty for a subsequent DWI conviction, the State must affirmatively show that, in entering the prior guilty plea, the defendant was either represented by counsel or that he knowingly and intelligently waived his right to representation by counsel. State v. Garrity, 97-958 (La. App. 5 Cir. 1/27/98), 708 So.2d 1096, 1097-1098.
Factors bearing on the validity of this determination include the age, education, experience, background, competency, and conduct of the accused, as well as the nature, complexity, and seriousness of the charge. State v. Strain, 585 So.2d 540, 543 (La.1991). While the judge need not inquire into every one of these factors, there must be a sufficient inquiry to establish a knowing and intelligent waiver under the overall circumstances. Id. Inquiry into the validity of the accused's waiver of counsel must take into account the totality of the circumstances in each case. Id.
In this case, transcripts of defendant's both the 1994 and 1995 plea colloquys were admitted. The defendant was not represented by counsel at the 1994 plea proceeding, but he was represented by counsel at the 1995 proceeding. (Incidentally, the same attorney representing him in the case at bar.) We have reviewed both transcripts carefully.
At the hearing on January 24, 1994, the trial judge did not specifically inquire into defendant's background or ability to understand the proceedings. The transcript shows that the judge verbally advised defendant of his right to "the assistance of a lawyer." The transcript also indicates that the defendant spoke with the district attorney prior to entering his guilty plea in this proceeding. The defendant was not only aware of his right to enter a guilty plea under La.C.Cr.P. art. 894, but he took advantage of that right.
The Waiver of Rights form signed by the defendant in each of the prior cases contains the following language:
I UNDERSTAND THAT BY ENTERING A GUILTY PLEA I AM GIVING UP THE FOLLOWING RIGHTS:
My right to a judge trial.
My right to require the State to prove my guilt beyond a reasonable doubt.

*189 My right to confront my accusers and cross-examine witnesses called to testify against me.
My right not to be compelled to incriminate myself.
My right to appellate review.
If I enter this plea without assistance of a lawyer, I am giving up the following rights:
My right to the assistance of a lawyer.
My right to have a lawyer appointed if I cannot afford one.
I understand that by pleading guilty I am authorizing the court to impose up to the maximum sentence provided by law without a trial.
I understand that this plea can be used against me as a second or third offender, and that this plea can seriously affect me under the Habitual Offender Law.
I further understand that the Louisiana Department of Public Safety may suspend my driving privileges.
I acknowledge that my act of Pleading Guilty is a knowing, intelligent, free and voluntary act on my part. No promises or threats have been made to encourage me to enter a guilty plea to the above charge(s).
* * *
My rights have been thoroughly explained to me by the trial judge, I understand them, and I have no further questions to ask.
The colloquy in each case gave the trial court an opportunity to measure the defendant's capacity to understand the rights that he was waiving. Further, the waiver of rights form signed by both the defendant and the trial judge correctly listed the rights that were being waived. We conclude that the plea colloquy in the 1994 predicate conviction was sufficient to demonstrate that the defendant was properly advised of his right to counsel at all stages of the proceedings and to support a knowing waiver of his right to counsel. See State v. Stevison, 97-3122 (La.10/30/98), 721 So.2d 843, 844-845. Accordingly, the trial court properly denied the motion to quash the 1994 guilty plea.
Defendant next argues that neither his 1994 nor his 1995 conviction can be used to enhance the penalty for a subsequent DWI conviction because the transcripts of the plea proceedings do not show that he was informed of the sentence exposure for his offense or the penalties for a subsequent DWI conviction.
The transcripts of the 1994 and 1995 guilty plea proceedings reflect that the defendant was informed of all three basic Boykin rights prior to entering his guilty plea. Defendant, however, contends that under Boykin the trial court was obligated to advise him of his sentencing exposure as a multiple offender before accepting his guilty plea.
Louisiana jurisprudence has never required that a defendant be informed that a guilty plea may be used as the basis for the filing of a future multiple offender bill. State v. Nuccio, 454 So.2d 93, 104 (La. 1984). For the most part, the Boykin rights have been applied with very few exceptions or expansions. Id.
"Advice with respect to the defendant's sentencing exposure may facilitate the taking of a voluntary guilty plea ..., but it has never formed part of [the Louisiana Supreme] Court's core Boykin requirements for the entry of a presumptively valid guilty plea in any case." [Emphasis in original.] State v. Anderson, 98-2977 (La.3/19/99), 732 So.2d 517.
La.C.Cr.P. art. 556.1, which statutorily requires a trial judge to advise a defendant of the maximum possible penalty prior to accepting a guilty plea, was not in effect at the time of either of defendant's predicate convictions. The defendant in this case pleaded guilty on January 24, 1994 and February 1, 1995 to driving while intoxicated. La.C.Cr.P. art. 556.1 became effective August 15, 1997. Accordingly, neither statutory nor jurisprudential law required *190 the trial court to inform the defendant in this case of his maximum sentencing exposure.
Moreover, the transcript of each guilty plea proceeding indicates that the trial judge fully advised defendant of his constitutional rights and the actual sentence that would be imposed. See State v. Randolph, 98-965 (La.App. 5 Cir. 2/23/99), 731 So.2d 365, 367.

PATENT ERROR REVIEW
Defendant was charged with operating a motor vehicle while under the influence of alcohol, third offense, a violation of La. R.S. 14:98, and was sentenced pursuant to La. R.S. 14:98(D)(1), but the bill of information and the commitment incorrectly cite the relevant statute as "14:98.3." Despite the technical insufficiency in the bill of information, however, it fairly informs the accused of the charge against him and the defect does not prejudice him. Accordingly, objection to it may not be raised for the first time after conviction. State v. Dowling, 387 So.2d 1165, 1168 (La.1980).
We note further that the defendant We note further that the defendant was given an illegally lenient sentence, in that the mandatory $2,000.00 fine was not imposed as required by La. R.S. 14:98(D)(1). The State has not raised this issue, however, and we will not amend or set aside the illegally lenient sentence on our own motion. State v. Fraser, 484 So.2d 122, 124 (La.1986).
Finally, the record reflects that the trial judge did not accurately advise the defendant of the period within which to file a post conviction relief application. After imposing sentence, the judge stated that the defendant had "three years to file for post conviction relief." At the time of sentencing, La.C.Cr.P. art. 930.8 provided that a defendant had three years from the day the judgment becomes final in which to file an application for post conviction relief. However, the Louisiana Legislature has amended Article 930.8 to shorten the prescriptive period. Acts 1999, No. 1262, eff. August 15, 1999.
The amended article provides in pertinent part:
A. No application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922, unless any of the following apply: ...
(3) The application would already be barred by the provisions of this Article, but the application is filed on or before October 1, 2001, and the date on which the application was filed is within three years after the judgment of conviction and sentence has become final.
Application of the new shorter prescriptive period in this case does not violate ex post facto prohibitions, because La.C.Cr.P. art. 930.8 does not relate to an offense or its punishment. See State ex rel. Glover v. State, 93-2330 (La.9/5/95) 660 So.2d 1189, 1201. Accordingly, we will direct the district court to notify the defendant properly of the new time limit for filing for post conviction relief. See State v. Stelly, 98-578 (La.App. 5 Cir. 12/16/98) 725 So.2d 562, 564.
For the foregoing reasons, the conviction is affirmed. The case is remanded and the district court is ordered to send the defendant written notice of the amended prescriptive period for post-conviction relief within ten days of rendition of this opinion and to file written proof in the record that the defendant received said notice.
CONVICTION AFFIRMED; CASE REMANDED WITH INSTRUCTION.
NOTES
[1] The case number of the 1995 conviction was incorrect on the bill of information; the actual case number was 570060.
[2] Shelton shifted the burden of proof to the defendant in a collateral attack on a prior conviction in habitual offender proceedings under La. R.S. 15:529.1.
[3] Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The three federal constitutional rights which are waived by a guilty plea are the privilege against self-incrimination, the right to a trial by jury, and the right to confront one's accusers. Because a plea of guilty waives these fundamental rights of an accused, due process requires that the plea be a voluntary and intelligent waiver of known rights in order to be valid. The record of the plea must show that the defendant was informed of these three basic rights and then knowingly and voluntarily waived them. State v. Galliano, 396 So.2d 1288, 1290 (La.1981).