769 So.2d 791 (2000)
STATE of Louisiana
v.
Edward J. FRICKEY, Jr.
No. 00-KA-294.
Court of Appeal of Louisiana, Fifth Circuit.
September 26, 2000.
*792 Louisiana Appellate Project, Margaret S. Sollars, Thibodaux, Louisiana, for Appellant, Edward J. Frickey, Jr.
Paul D. Connick, Jr., District Attorney, Twenty-Fourth Judicial District, Parish of Jefferson, State of Louisiana, Ellen S. Fantaci, Assistant District Attorney/Attorney of Record on Appeal, Terry M. Boudreaux, Assistant District Attorney, Joseph A. Aluise, Assistant District Attorney/Trial Attorney, Gretna, Louisiana, for Appellee, The State of Louisiana.
Panel composed of Judges Edward A. Dufresne, Jr., James C. Gulotta, Pro Tempore, and H. Charles Gaudin, Pro Tempore.
GULOTTA, Judge Pro Tem.
Edward J. Frickey, Jr. appeals his conviction of third-offense DWI. We affirm the conviction, but vacate the sentence and remand for resentencing.
On May 26, 1999 Frickey was charged by bill of information with violating La. R.S. 14:98(D), driving while intoxicated (DWI), third offense. At arraignment defendant entered a plea of not guilty. He filed various discovery motions and an omnibus motion to suppress evidence, confession, and identification. The record does not indicate there was any disposition of those motions. Instead, at a hearing on December 13, 1999 defendant urged a motion to quash the two predicate convictions.
The trial court denied the motion to quash the prior convictions, whereupon defendant withdrew his former plea and entered a negotiated guilty plea to third offense DWI, reserving his right to appeal the court's ruling on the motion to quash, pursuant to State v. Crosby, 338 So.2d 584 (La.1976). Defendant executed a form in which he initialed his understanding and waiver of his constitutional rights as provided in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The trial court conducted a plea colloquy which demonstrated defendant's understanding and waiver of the Boykin rights.
After waiving all legal delays, defendant was sentenced to three years at hard labor, with two and one-half years suspended. In lieu of imprisonment, he was ordered *793 to serve six months of the sentence in the home incarceration program. In addition, he was placed on two years' active probation. As a special condition of probation, he was ordered to serve 48 hours of the sentence in the parish prison, beginning at 9:00 a.m. the following day. Among the special conditions of probation, the court also ordered that he attend substance abuse and driver improvement programs and that he forfeit his vehicle, in accordance with La. R.S. 14:98(D)(2). The court imposed the mandatory fine of $2,000.00 in addition to court costs and a commissioners fee.
On December 17, 1999, defendant filed a written motion for appeal.
There was no recitation of the facts at the time of defendant's plea colloquy. Accordingly, we do not know the factual basis for the guilty plea, except that the bill of information alleged the offense occurred on December 23, 1998.
ASSIGNMENT OF ERROR
The Trial Court erred by failing to suppress/quash the predicating DWI offenses when the defendants pleas were uncounseled, there was no evidence showing a knowing and intelligent waiver of rights, and there was no inquiry in the defendants educational background in the first plea.
The defendant challenges the trial courts denial of his motion to quash the predicate convictions. He asserts not only grounds applicable to both predicate cases, but also grounds that are individual to each.
We note, first, that the record contains no written motion to quash the predicate convictions. La.C.Cr.P. art. 536 requires that a motion to quash shall be in writing and shall specify distinctly the grounds on which it is based; further, the article states, "The court shall hear no objection based on grounds not stated in the motion." However, the trial judge entertained the arguments of counsel without objection from the State, the transcript suggests the motion was specially set for hearing, and the State's brief on appeal does not refer to any irregularity. Accordingly, out of an abundance of caution in the event a written motion was properly filed, we address the merits of the assignment.
The predicate convictions took place on February 20, 1997[1] and on March 4, 1999.[2] Defendant argued that the predicate convictions should be quashed because there was no valid waiver of his right to counsel and because the trial court failed to give him sufficient information regarding his right against self-incrimination at all stages of the proceedings, as required by La.C.Cr.P. art. 556.1(A)(3), or proper information regarding the enhanced penalties for subsequent offenses, as required by La.C.Cr.P. art. 556.1(E).
Regarding the 1997 predicate conviction alone, defendant argued that the guilty plea was infirm because the trial judge made no determination regarding factors such as defendant's age, educational level, background, or employment history; thus, there was no indication of a knowing and intelligent waiver.
With respect to the 1999 predicate conviction alone, defendant argued the trial judge failed to determine whether the plea resulted from plea negotiations or whether the plea was discussed, as required by La.C.Cr.P. art. 556.1(C).
A presumption of regularity attaches to prior convictions in multiple-offender DWI cases; once the State proves the existence of the conviction, the burden is on the defendant to show a constitutional deficiency in the judgment. State v. Pickett, 99-532 (La.App. 5 Cir. 10/26/99), 746 So.2d 185, 187, citing State v. Carlos, 98-1366 (La.7/7/99), 738 So.2d 556, n. 5.

*794 [W]hen a defendant collaterally attacks a prior DWI guilty plea by a motion to quash, the state bears the initial burden of submitting sufficient evidence of the existence of the prior guilty plea and that the defendant was represented at the time it was taken. If the state meets this initial burden, the defendant must produce affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. If the defendant carries this burden, then the burden reverts back to the state to prove the constitutionality of the plea.
State v. Manning, 99-1046, p. 2 (La.App. 5 Cir. 2/29/00), 758 So.2d 883, 884, citing State v. Carlos, supra, and State v. Shelton, 621 So.2d 769 (La.1993).
In this case, the State introduced transcripts of the prior guilty plea proceedings along with true copies of the records. The records each contained a Waiver of Rights form, which in both instances are virtually identical to each other and to a form this Circuit has previously approved. State v. Pickett, supra, at 188-189.

EVIDENCE, 1997 PLEA PROCEEDING
The transcript of the 1997 plea proceeding establishes the following: The trial judge advised defendant that he had a right to counsel and if he could not afford an attorney one would be appointed for him. Defendant agreed he understood he was waiving this entitlement. The waiver of rights form, signed by defendant and the trial judge, recites that he has the right to the assistance of a lawyer and that one would be appointed if he could not afford one.
The trial judge advised defendant that, by pleading guilty, he waived his privilege against compulsory self-incrimination, his right to a judge trial, and his right to confront his accusers. He was asked if any threats or promises were used and he responded negatively. The trial judge specifically informed defendant that if he had questions or failed to understand anything to stop the trial judge and the trial judge would explain. Defendant indicated he understood that instruction. Defendant did not ask any questions or show hesitation.
The trial judge informed defendant that the plea could be used against him as a second or third offense DWI and could seriously affect him under the habitual offender law. Defendant stated he understood that consequence.
Prior to accepting the plea, the trial judge asked defendant if he had any questions and defendant responded negatively. The trial judge determined the plea was knowingly, intelligently, and voluntarily made.
Defendant entered his guilty plea pursuant to La.C.Cr.P. art. 894 and received the benefit of the State's dismissal of the other charge in that case (improper lane change). After probation was completed, defendant received a judgment of acquittal under Article 894.[3] Evidently, defendant spoke with the district attorney and was aware he was receiving the advantage of pleading under Article 894 and of having the other charge dismissed. The waiver form completed by defendant further supports his understanding that he was pleading under Article 894 because the word "guilty" is stricken from the form.

EVIDENCE, 1999 PLEA PROCEEDING
In the 1999 proceeding, the trial judge informed defendant that he was entitled to the assistance of a lawyer, "not only in the proceedings [that day], but in all the proceedings involving this matter," and that if he could not afford an attorney one would *795 be appointed. Defendant agreed he understood the waiver of that right. The waiver form, signed by defendant and the trial judge, recites his entitlement to a lawyer and the appointment of one, if indigent.
In the 1999 plea colloquy the trial judge also advised defendant that, by pleading guilty, he waived his privilege against compulsory self-incrimination, his right to a judge trial, and his right to confront his accusers. He was told by the trial judge to stop the trial judge if he had any questions and he indicated he understood. Before accepting the plea, he was asked if he had any questions and he responded negatively. He denied any promises or threats were made. He admitted his plea was knowingly, intelligently, freely, and voluntarily made.
At the outset, the trial judge questioned defendant regarding his age, education, and ability to write and read the English language, and his understanding of the concepts in the waiver form. Defendant indicated he understood the concepts, could read and write the English language, completed the eighth grade, and was 37 years of age.
Defendant was asked whether he understood he was entering a plea of guilty to DWI-2 under La. R.S. 14:98(C) and he responded affirmatively. He was instructed that the maximum sentence he could receive was six months in parish prison and a fine of up to $1,000, to which he responded affirmatively. The waiver form also contains the instruction. He was asked whether he understood that the plea could be used against him as a secondor third-offense DWI and could seriously affect him under the habitual offender law. He indicated his understanding. The trial judge determined the plea was knowingly, intelligently, freely, and voluntarily made.

WAIVERS OF RIGHT TO COUNSEL
Defendant raises several arguments against the validity of his waivers of counsel. He asserts that he was not informed of the consequences of proceeding without counsel, that he was unaware of the dangers and disadvantages of self-representation, and that he was in an unequal bargaining position and in no position to evaluate the wisdom of pleading guilty, particularly since the trial judge did not tell him he was entitled to counsel at every stage in the proceedings including the plea negotiations. He also contends it is insufficient for the court to simply ask a question about waiver of the right to counsel and to accept a mere affirmative answer.
Further, he complains that in the 1997 conviction, the trial judge failed to assess his competency, literacy, understanding, and volition before he accepted the waiver of the right to counsel.
In the 1997 plea colloquy the trial judge advised defendant of his right to counsel, although he did not state the right to counsel extended to all stages of the proceeding. In addition, there was an indication that defendant had spoken with the district attorney prior to entering his guilty plea, with the State dismissing other charges when defendant entered a plea under Article 894. Further, the colloquy gave the trial judge the opportunity to measure defendant's capacity to understand the rights he was waiving and the bill of information for the first predicate plea shows defendant was 34 years of age when he entered the plea.
The language in the 1997 waiver form and colloquy are identical to those in Pickett, supra, in which the waiver of the right to counsel was found valid. Also, the statutory requirement of La.C.Cr.P. art. 556.1(A)(2) that defendant be informed of his right to counsel "at every stage of the proceeding" was not in effect at the time of the February 1997 plea.
With regard to the 1999 plea, the defendant stated he understood the concepts in the waiver form and the trial judge advised defendant of his right to counsel in all the proceedings involving the matter. In addition, defendant responded affirmatively *796 that he understood he was waiving the right to counsel.
Insofar as the 1999 predicate conviction we find no merit to defendant's assertion that the trial judge failed to inform him of his right to counsel in all proceedings, including that of plea bargaining.
In State v. Boudreaux, 99-1017, p. 5 (La.App. 5 Cir. 2/16/00), 756 So.2d 505, 508, this Circuit recently considered the issue of the State's initial burden on uncounseled predicate DWI pleas. We held that an uncounseled DWI conviction may not be used to enhance punishment of a subsequent offense, absent a knowing and intelligent waiver of counsel. Boudreaux, 99-1017 at p. 5, 756 So.2d at 508 (and cases cited therein). We concluded the State met its initial burden of proving the existence of the guilty pleas, but had not met the initial burden under Carlos of showing defendant was represented by counsel.
Noting this finding did not end the inquiry, this court examined pre-Carlos jurisprudence, concluding that the Carlos court did not indicate an intent to abrogate prior jurisprudence. Boudreaux, 99-1017 at pp. 5-6, 756 So.2d at 508.
According to State v. Jones, 404 So.2d 1192, 1196 (La.1981), a pre-Carlos case,
[W]henever a misdemeanor guilty plea will be used as a basis for actual imprisonment, enhancement of actual imprisonment or conversion of a subsequent misdemeanor into a felony, it is incumbent upon the trial judge to inform the defendant that by pleading guilty he waives (a) his privilege against compulsory self-incrimination; (b) his right to trial and jury trial where it is applicable; (c) his right to confront his accusers, and to make sure that the accused has a full understanding of what the plea connotes and of its consequence.
In both guilty plea colloquies in the instant case, the trial judge properly informed defendant that by pleading guilty he waived his privilege against compulsory self-incrimination; his right to a judge trial; and his right to confront his accusers. Under Jones, the trial judge was also required to make certain that the accused has a full understanding of what the plea connotes and of its consequence.
When an accused waives his right to counsel in pleading guilty to a misdemeanor, the trial court should expressly advise him of his right to counsel and to appointment of counsel if he is indigent, determining on the record that the waiver is made knowingly and intelligently under the circumstances. State v. Strain, 585 So.2d 540, 543-44 (La.1991). Determining a defendant's understanding of his waiver of counsel in a guilty plea to an uncomplicated misdemeanor requires less judicial inquiry than determining his understanding of this waiver of counsel for a felony trial. 585 So.2d at 544. Generally, the court is not required to advise a defendant in a misdemeanor guilty plea of the dangers and disadvantages of self-representation. 585 So.2d at 544.
The critical issue on review of the waiver of the right to counsel is whether the accused understood the waiver. Strain, however, did not "establish inflexible criteria or a magic word formula for determining the voluntariness of the waiver." State v. Stevison, 97-3122, p. 2 (La.10/30/98), 721 So.2d 843, 844-45. Instead, the determination of the validity of the waiver of counsel rests on the totality of the circumstances in each case. 97-3122 at p. 2, 721 So.2d at 845.
The 1997 plea in the instant case is similar to that in State v. Barron, 32-960, pp. 3-4 (La.App. 2 Cir. 4/5/00), 758 So.2d 965, 967-968. In Barron, the trial judge did not specifically inquire into defendant's literacy and competency in accepting an uncounseled DWI plea. Nevertheless, the court found a review of the transcript as a whole showed the waiver of counsel was free and voluntary. As in the instant case, the court advised defendant of his rights, including the right to counsel, asked if any threats or promises had been made and *797 whether his plea was voluntary. Defendant did not ask questions or express hesitation during the colloquy. The court found a knowing, intelligent, and voluntary waiver.
We conclude that defendant's waiver of counsel in the 1997 predicate conviction was valid. Although defendant was not specifically advised he had a right to counsel "at all stages of the proceedings," nevertheless he was told he had the right to counsel and was instructed to stop the trial judge at any point to ask questions. Further, before accepting the plea, the trial judge specifically asked if defendant had questions and he had none. The 1999 plea colloquy is also similar to Barron.
In Pickett, 99-532 at pp. 6-7, 746 So.2d at 188-189, the trial judge did not specifically inquire into defendant's background or ability to understand the proceedings prior to accepting an uncounseled plea. There the trial judge advised defendant of his right to the assistance of a lawyer; defendant was aware he was entering a plea under article 894 and took advantage of that right. The trial judge in that case indicated defendant spoke to the district attorney prior to entering the plea. The court concluded the colloquy gave the trial court the opportunity to assess defendant's capacity to understand the rights and that the colloquy was sufficient to demonstrate defendant was properly advised of his right to counsel at all stages of the proceedings to support a knowing waiver. 99-532 at p. 7, 746 So.2d at 188-89.
Here, as in Pickett, the colloquy in each predicate plea gave the trial court an opportunity to measure the defendant's competency and understanding.
Defendant specifically relies on the cases of State v. Sammon, 582 So.2d 360, 363 (La.App. 2 Cir.1991), and State v. Sheppard, 95-0370 (La.9/13/96), 679 So.2d 899. We find Sammon distinguishable, because neither the minutes nor any other evidence in that case indicated defendant was represented by counsel or that he waived the right to counsel. Here, however, the trial judge specifically advised defendant of his right to counsel, the option was repeated in the waiver form, defendant stated he understood this right, and he agreed to waive counsel.[4]
We also find Sheppard distinguishable, because it did not involve a misdemeanor DWI predicate plea; further, the circumstances in Sheppard were unusual and not analogous with the circumstances in the case before us.
Accordingly, we find no deficiencies in the waivers of counsel in the predicate convictions.

FAILURE TO CONFORM TO ARTICLE 556.1
La.C.Cr.P. art. 556.1 was added by Acts 1997, No. 1061, '1, effective August 15, 1997. It provides as follows:
A. In any criminal case, the court shall not accept a plea of guilty or nolo contendere, without first addressing the defendant personally in open court and informing him of, and determining that he understands, all of the following:
(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.
(2) If the defendant is not represented by an attorney, that he has the right to be represented by an attorney at every stage of the proceeding against him and, if financially unable to employ *798 counsel, one will be appointed to represent him.
(3) That he has the right to plead not guilty or to persist in that plea if it has already been made, and that he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself.
(4) That if he pleads guilty or nolo contendere there will not be a further trial of any kind, so that by pleading guilty or nolo contendere he waives the right to a trial.
B. In any criminal case, the court shall not accept a plea of guilty or nolo contendere without first addressing the defendant personally in open court and determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement, and that all constitutional and legal rights are knowingly and intelligently waived.
C. The court shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the district attorney and the defendant or his attorney. If a plea agreement has been reached by the parties, the court, on the record, shall require the disclosure of the agreement in open court or, on a showing of good cause, in camera, at the time the plea is offered.
D. A verbatim record shall be made of the proceedings at which the defendant enters a plea of guilty or nolo contendere.
E. In any case where a subsequent offense carries an enhanced penalty, the court shall inform the defendant of the penalties for subsequent offenses.
Violations of Article 556.1 which do not rise to the level of Boykin violations are subject to harmless error analysis. State v. Guzman, 99-1753, p. 5 (La.5/16/00), 769 So.2d 1158, 1161. Louisiana has never extended the Boykin requirements to include advice with respect to sentencing. Guzman, 99-1753 at p. 5, 769 So.2d at 1161.
The defendant incorrectly implies that in the plea colloquies of these predicate convictions the trial court merely asked questions and received affirmative answers. The plea colloquies were more than simple recitations of defendant's rights without opportunity for defendant to express his understanding. In both instances, the trial judge expressly stated defendant could ask questions and stressed the importance of defendant's understanding the proceeding by allowing him to stop the trial judge to ask questions.
The two predicate convictions are misdemeanor convictions based on guilty pleas. Because the predicate offenses were first and second DWI offenses, they were not subject to trial by jury. La. R.S. 14:98(B)(C); La.C.Cr.P. art. 779. Therefore, as to the first and second DWI offenses, the colloquy shows the trial judge correctly informed defendant that, by pleading guilty, he waived the right to a judge trial.
Defendant admits that Article 556.1 was not enacted when the first plea was taken and relies on Jones, supra, for the proposition that defendant must fully understand the nature and consequences of his guilty plea. He further relies on State v. Lawrence, 600 So.2d 1341, 1345 (La.App. 1 Cir.1991), in which the court granted a motion to quash relative to the plea of a felony DWI, which required a more stringent standard. The Lawrence case is inapposite because the pleas herein were for misdemeanors.
Defendant contends that the trial judge's failure to instruct defendant on the dangers of self-representation renders the pleas invalid, relying on City of Monroe v. Wyrick, 391 So.2d 1273 (La.1981). However, Strain overruled Wyrick insofar as it was inconsistent with Strain and held that *799 the determination defendant's waiver of counsel had been made knowingly and intelligently was not flawed by the trial judge's failure to advise defendant of the pitfalls of self-representation. 585 So.2d at 544. Further, "[d]etermining defendant's understanding of his waiver of counsel in a guilty plea to an uncomplicated misdemeanor requires less judicial inquiry than determining his understanding of his waiver of counsel for a felony trial." Id.
Defendant also claims the trial judge failed to instruct defendant that his penalties were subject to enhancement, as required by Article 556.1(E). Defendant contends that little if any inquiry was made concerning defendant's understanding of his rights and the consequences of his decision to plead guilty, such as would satisfy Jones and/or Article 556.1. He also asserts that the failure of the trial judge to determine whether there were plea negotiations renders the pleas invalid, pursuant to Article 556.1(C). He contends that the combination of all of the alleged mistakes renders the pleas invalid for enhancement purposes.
The Louisiana Supreme Court has not required that a defendant be informed that a guilty plea may be used as a basis for the filing of a future multiple offender bill or that this aspect formed a part of the Boykin rights. The trial judge did inform defendant in our case that he could receive the maximum sentence and that the pleas could be used against him as a second or third offense DWI, seriously affecting him as to the habitual offender law.
"Advice with respect to the defendant's sentencing exposure may facilitate the taking of a voluntary guilty plea ..., but it has never formed part of the Louisiana supreme court's core Boykin requirements for the entry of a presumptively valid guilty plea in any case." (Emphasis in original.) State v. Anderson, 98-2977 (La.3/19/99), 732 So.2d 517. The Boykin rights have not been expanded to require that a defendant in an uncounseled DWI plea must be informed of sentencing exposure or the penalties for a subsequent DWI conviction. Pickett, 99-532 at p. 8, 746 So.2d at 189-190. Because Article 556.1 was not in effect at the time of the plea, neither statutory nor jurisprudential law required the trial court to inform defendant of his maximum sentencing exposure. 99-532 at p. 8, 746 So.2d at 189.
Although the trial judge did not specifically articulate defendant's sentencing exposure on enhancement, he did inform defendant there would be serious consequences to the pleas. Further, regarding plea negotiations, it is evident defendant met with the district attorney prior to entering a plea under Article 894 in 1997. Thus, any failure on the part of the trial judge to make such an inquiry, even if it were of constitutional import for the validity of the plea, was of no moment because of the circumstances in this case. With regard to the 1999 plea, as noted previously, Guzman failed to expand the core Boykin requirements to include additional Article 556.1 directives.
Moreover, defendant was specifically informed he would be subject to serious enhancement of penalties. He stated his understanding and did not hesitate or ask questions of the trial judge. Under these circumstances, we conclude the pleas were valid.[5] Accordingly, we find no merit to the assignment of error.

ERROR PATENT DISCUSSION
We found several errors patent on the face of the record. The first patent error is that the trial court failed to comply properly with the requirements for imposition of home incarceration. La. *800 C.Cr.P. art. 894.2 provides that a defendant may be sentenced to home incarceration under certain listed conditions, which were applicable to the defendant here. However, under La.C.Cr.P. art. 894.2(J) the home incarceration sentence could only be imposed after defendant had first served 48 hours, which began the following day. Thus, the trial court imposed the home incarceration sentence prematurely. Further, the court failed to specify the conditions of home incarceration, as required by La.C.Cr.P. art. 894.2(C).[6]
Because defendant was not apprised of the required conditions, La.C.Cr.P. art. 894.2(H)-(I), the sentence may be considered indeterminate, La.C.Cr.P. art. 879.[7] Accordingly, we vacate the sentence and remand for resentencing in compliance with La.C.Cr.P. art. 894.2.
We note further that the court failed to properly advise defendant of the time within which to file for post-conviction relief, as required by La.C.Cr.P. art. 930.8. The judge orally advised defendant that he had two years to file for post-conviction relief. The waiver of rights form and the plea colloquy also indicate that defendant was informed there was a two-year prescriptive period for filing post-conviction relief. The notification was incomplete, however, because La.C.Cr.P. art. 930.8 requires the application for post-conviction relief to be filed no more than two years "after the judgment of conviction and sentence has become final." Therefore, we direct the trial court to inform defendant of the correct provisions of the article following resentencing.
In view of our decision to vacate the sentence as indeterminate, we need not analyze the other patent errors we found in the sentence.[8]
For the foregoing reasons, defendant's conviction of driving while intoxicated, third offense, is affirmed. The sentence is vacated and the case is remanded for resentencing in accordance with the views expressed herein.
CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED WITH INSTRUCTIONS.
NOTES
[1] Docket number S-613127, Second Parish Court, Jefferson Parish, Division "A."
[2] Docket number S-687745, Second Parish Court, Jefferson Parish, Division "A."
[3] Article 894 allows for suspension and deferral of sentence in misdemeanors, followed by dismissal of the prosecution, where an eligible defendant complies with conditions set out in the article. La.C.Cr.P. art. 894(A)-(B). The article provides that "dismissal of the prosecution shall have the same effect as an acquittal, except that the conviction may be considered as a first offense and provide the basis for subsequent prosecution of the party as a multiple offender." La.C.Cr.P. art. 894(B)(2).
[4] Defendant also relies on State v. Deroche, 96-1376, pp. 1-2 (La.11/8/96), 682 So.2d 1251, 1252, in which the court found the predicate plea infirm. However, the facts in Deroche are distinguishable since their minutes revealed little if any attempt by the trial judge to ascertain defendant's capacity to waive the right to counsel. Defendant also cites State v. Garrity, 97-958, pp. 5-6 (La.App. 5 Cir. 1/27/98), 708 So.2d 1096, 1098. However, Garrity is distinguishable, because the record did not show the trial judge verbally advised defendant of his right to counsel; further, the guilty plea form only advised defendant of the right to counsel at trial.
[5] A trial judge does not have to advise the defendant that a DWI conviction resulting from a guilty plea could be used to enhance a future DWI conviction. State v. Wright, 517 So.2d 458, 460 (La.App. 1 Cir.1987), writ denied, 522 So.2d 1093 (La.1988). Accord, Pickett, 99-532 at p. 8, 746 So.2d at 189; Guzman, 99-1753 at p. 5, 769 So.2d at 1161.
[6] These may include "any condition reasonably related to implementing or monitoring a sentence of home incarceration, including curfew, electronic or telephone monitoring, home visitation by persons designated by the court, and limitation of the defendant's activities outside the home."
[7] Article 879 states, "If a defendant who has been convicted of an offense is sentenced to imprisonment, the court shall impose a determinate sentence."
[8] The trial court failed to comply with the requirement of La. R.S. 14:98(D)(1) that "at least six months of the sentence of imprisonment imposed shall be without benefit of probation, parole or suspension of sentence." In addition, there was a discrepancy between the transcript and the commitment/minute entry regarding whether the sentence was to be at hard labor and also regarding the court's order that defendant attend a substance abuse program.