| .CANNELLA, Judge.
The Defendant, Gary J. Roth, appeals from his guilty plea conviction to the offense of Driving .While Intoxicated (DWI), Third Offense, and sentence. For the reasons which follow, we affirm.
On December 1, 1999, the Defendant was charged by Bill of Information with DWI, Third Offense. The charge was based on two predicate offenses for which the Defendant had pled guilty. First, on September 7, 1993, the Defendant pled guilty to driving while intoxicated in the Twenty Second Judicial District for the Parish of St. Tammany in case # 215150. *769 Second, on December 13, 1996, the Defendant pled guilty to driving while intoxicated in First Parish Court for the Parish of Jefferson in case # F105739.
The Defendant filed a Motion to Quash, arguing that # F105739 should not be used to enhance the charge against him because the guilty plea entered was entered without counsel and without a showing that the Defendant knowingly and intelligently waived his right to counsel.
|sOn March, 2, 2000, a hearing was held on the Motion to Quash and it was denied. Thereafter, on April 5, 2000, the Defendant entered a guilty plea to the charged offense under State v. Crosby, 338 So.2d 584 (La.1976), thereby reserving his right to appeal the denial of the Motion to Quash. The Defendant was thereafter sentenced to two years with the Department of Corrections. The sentence was suspended and the Defendant was placed on active probation for five years with specified conditions. It is from this conviction and sentence that the Defendant appeals.
On appeal, as in the trial court below, the Defendant argues that the guilty plea which he entered in # F105739 should not be used in this case to support charging the Defendant as a third offender because the Defendant entered the plea without being represented by counsel and without a showing that he knowingly and intelligently waived his right to counsel.
The State argues, to the contrary, that the record in this case, containing the transcript from the earlier guilty plea conviction, evidences a knowing and intelligent waiver by the Defendant of his right to counsel.
In State v. Carlos, 98-1366 (La.7/7/99), 738 So.2d 556, the Louisiana Supreme Court extended the burden-shifting principles for habitual offender proceedings announced in State v. Shelton, 621 So.2d 769 (La.1993) to the recidivist provisions of the DWI statute. Based on Carlos, when a defendant challenges the constitutional validity of a predicate DWI conviction resulting from a guilty plea, the state bears the initial burden of proving the existence of the guilty plea and that an attorney represented the defendant at the plea. Carlos, 738 So.2d at 559. An un-counseled misdemeanor DWI guilty plea can be used to enhance a subsequent DWI offense, if the State establishes that the defendant | ¿knowingly and intelligently waived his right to counsel when the prior guilty plea was entered. State v. Stevison, 97-03122 (La.10/30/98), 721 So.2d 843; State v. Strain, 585 So.2d 540 (La.1991). There is no “inflexible criteria or a magic word formula for determining the volun-tariness of the waiver.” Stevison, at 845. Rather, the determination of the validity of the accused’s waiver of counsel rests on the totality of the circumstances in each case. Id.
The colloquy between the Defendant and the trial judge, from the guilty plea entered in # F105739, provides in pertinent part:
THE COURT:
I’m going to read some things to you and I am going to need you to acknowledge that you hear them and that you understand them before we can go ahead with this. Okay?
THE DEFENDANT, GARY J. ROTH:
Okay.
THE COURT: ■
All right, First of all, do you, you’ve been informed that under the system that you are going to have a right to have an attorney present to represent you?
THE DEFENDANT, GARY j. ROTH:
Yes, Sir.
*770 THE COURT:
Okay. I believe that at one time you had Mister Hugh Aldige’ to represent you?
THE DEFENDANT, GARY J. ROTH:
That’s right.
THE COURT:
And that you would have, if you went to trial on this matter, you would have the right not to take the stand to incriminate yourself?
THE DEFENDANT, GARY J. ROTH: Right.
J^THE COURT: .
Okay. And that you would have the right to have the police officers and any and all other witnesses who have made charges against you come in and justify them?
THE DEFENDANT, GARY J. ROTH:
That’s correct.
THE COURT:
And that by pleading guilty to these charges, you waive those rights?
THE DEFENDANT, GARY J. ROTH:
Correct.
Additionally, the record contains a waiver of rights form in connection with the #F105739 guilty plea, which provided in pertinent part: ■
If I elect to have a trial, I have a right to have a competent counsel represent me at the trial and if I am unable to pay for counsel the Court will appoint competent counsel to represent me. If convicted after trial, I have a right to appeal with competent counsel and by pleading GUILTY I am waiving these rights.[1]
Finally, the record also indicates that the Defendant was 41 years old at the time he entered his guilty plea in # F105739. He had a high school education and declared that he could read and write. He had previously pled guilty to DWI in 1993, where he did have the benefit of counsel.
The facts of this case are very similar to those in State v. Frickey, 00-0294 (La.App. 5th Cir.9/26/00), 769 So.2d 791. In Frick-ey, the court did not specifically inquire into the defendant’s literacy and competency in accepting an uncounseled DWI plea. Nevertheless, the court found a review of the transcript as a whole showed that the waiver of counsel was free and voluntary. The court [ ^advised defendant of his rights, including the right to counsel, asked if any threats or promises had been made and whether his plea was voluntary. The court noted that defendant did not ask any questions or express hesitation in stating that he understood the advice and voluntarily wanted to waive his rights.
Similarly, in this case, the Defendant was advised of his rights, including his right to counsel and asked if he understood them. He answered affirmatively. The Defendant was asked if he was promised anything or threatened and he answered negatively. The trial court also noted that the Defendant had, earlier in the proceedings, been represented by counsel. The Defendant was informed that he would receive a suspended sentence. Thereupon, the trial court made a finding that the plea was knowing and voluntary.
*771 Based on the foregoing, we find that the Defendant’s waiver of counsel in the predicate conviction # F105739 was constitutionally valid. He was advised by the trial court that he had the right to counsel. Earlier in the proceedings, the Defendant did have counsel. The record indicates that the Defendant was 41 years old, had a high school education and could read and write. The Defendant indicated to the trial court that he understood the advice. We find no deficiencies in the 1996 predicate guilty plea conviction.
The record was reviewed pursuant to La.C.Cr.P. art. 920 for any errors patent on the face of the record. None were found.
Accordingly, for the reasons set forth above, we find no error in the trial court ruling denying the Motion to Quash and affirm the Defendant’s conviction and sentence.
AFFIRMED.

. While there are some blanks on the form, like the year for the date, and the person who explained the form to the Defendant, we find the form sufficient in that it is signed by the Defendant, with his signature again on the certification, it is signed and dated by an ad hoc judge, it has the case number on it as well as the Defendant’s driver’s license number, social security number, and the day and month filled in, which coincide with the date on which the judge signed.