791 So.2d 765 (2001)
STATE of Louisiana
v.
Lee Roy LOWRY.
No. 01-KA-111.
Court of Appeal of Louisiana, Fifth Circuit.
June 27, 2001.
*766 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Alison Wallis[*], Appellate Counsel, Quentin Kelly, Trial Counsel, Assistant District Attorneys, Gretna, for Plaintiff/Appellant, The State of Louisiana.
Frederick Kroenke, Baton Rouge, for Defendant/Appellee, Lee Roy Lowry.
Panel composed of THOMAS F. DALEY, MARION F. EDWARDS and SUSAN M. CHEHARDY, JJ.
CHEHARDY, J.

STATEMENT OF THE CASE
Defendant, Lee Roy Lowry, was charged on September 22, 1999, in a bill of information with third offense driving while intoxicated (DWI), in violation of La. *767 R.S. 14:98(D). Defendant plead not guilty and filed a motion to quash one of the two predicate pleas upon which the bill of information was based. The motion was denied. Defendant thereafter withdrew his not guilty plea and entered a guilty plea under State v. Crosby, 338 So.2d 584 (La.1976), reserving his right to appeal the denial of his motion to quash. On appeal, this Court set aside the trial court's denial of the motion to quash, vacated defendant's guilty plea, set aside defendant's conviction and sentence and remanded the matter for further proceedings. State v. Lowry, 00-107 (La.App. 5 Cir.6/27/00), 762 So.2d 1275. In particular, this Court determined that neither the state nor defendant was given the opportunity to meet their respective burdens of proof regarding the validity of the predicate pleas.
On remand, defendant filed a second motion to quash, seeking to quash both predicate pleas from December 10, 1997, and December 11, 1997. At a hearing on October 19, 2000, the state submitted the plea colloquy transcripts and entire case records from both predicate pleas. The trial court was prepared to take the matter under advisement, when defendant indicated he had an additional ground for the motion to quash. The trial court re-set the matter and advised defendant to amend his second motion to quash to include the new argument.
Defendant subsequently filed a third motion to quash on November 13, 2000, asserting one additional ground in support of his motion. Another hearing was held on November 16, 2000, and the trial court denied defendant's Motion to Quash. Thereafter, defendant filed a motion to reconsider denial of motion to quash. A hearing was held on December 7, 2000. The trial court granted defendant's motion to quash the December 10, 1997 plea and denied the motion to quash the December 11, 1997 plea. The state appeals the quashing of the December 10, 1997 predicate plea.

DISCUSSION
In its sole assignment of error on appeal, the state argues that the plea colloquy transcript and the waiver of rights form executed by defendant in the predicate plea clearly show defendant knowingly and intelligently waived his right to counsel prior to his December 10, 1997 guilty plea.
The record shows defendant was not represented by counsel in the December 10, 1997 plea. When a defendant challenges the constitutionality of a predicate guilty plea involving the recidivist portion of the DWI statute, the state has the initial burden of proof to show the existence of a guilty plea and that the defendant was represented by counsel when the plea was entered. State v. Carlos, 98-1366 (La.7/7/99), 738 So.2d 556. If the state meets this burden, the burden then shifts to the defendant to produce affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. If the defendant carries his burden, the burden shifts back to the state to prove the constitutionality of the plea. Id. Where the defendant is unrepresented by counsel in the predicate DWI plea, the state must first establish that the defendant knowingly and intelligently waived his right to counsel at the time the guilty plea was entered. State v. Boudreaux, 99-1017 (La.App.5 Cir.2/16/00), 756 So.2d 505.
Before a court may accept an uncounseled plea to a misdemeanor offense, it must expressly advise the accused of his right to counsel, and to appointed counsel if he is indigent, and determine on the record that the waiver is made knowingly and intelligently under the circumstances. *768 State v. Stevison, 97-3122 (La.10/30/98), 721 So.2d 843. In State v. Strain, 585 So.2d 540, 543-544 (La.1991), the Louisiana Supreme Court set forth several factors to consider in determining whether a defendant knowingly and intelligently waived his right to counsel such as "age, education, experience, background, competency and conduct of the accused, as well as the nature, complexity and seriousness of the charge facing defendant." However, in State v. Stevison, supra at 844, the Court explained that the factors discussed in Strain were not an "inflexible criteria or a magic word formula" for determining the validity of the defendant's waiver of counsel. Rather, Stevison held that "[t]he inquiry into the validity of the accused's wavier of counsel must take into account the totality of the circumstances in each case." Stevison, supra at 845.
Determining a defendant's understanding of his waiver of counsel in a guilty plea to an uncomplicated misdemeanor requires less judicial inquiry than determining his understanding of this waiver of counsel for a felony trial. The crime of driving while intoxicated is a non-complex crime that is almost self-explanatory. State v. Strain, supra at 544.
The determination of whether a defendant knowingly and intelligently waived his right to counsel is fact specific. We have ruled on this issue several times in the recent past. See, for example, State v. Theriot, 00-870 (La.App. 5 Cir.1/30/01) 782 So.2d 1078, 2001 La.App. LEXIS 46; State v. Frickey, 00-294 (La.App. 5 Cir.9/26/00), 769 So.2d 791; State v. Pickett, 99-532 (La.App. 5 Cir.10/26/99), 746 So.2d 185.
The state argues that the facts of the present case are identical to those in Frickey and Pickett, where this Court found the evidence submitted by the state adequately showed that each of the defendants knowingly and intelligently waived his right to counsel in the predicate plea. In both Frickey and Pickett, the state submitted a transcript of the predicate plea colloquy and a waiver of rights form executed by the defendant. In each case, the defendant was advised of his right to counsel in the waiver of rights form and during the plea colloquy. However, the transcript in both cases showed the trial judge in the predicate plea did not specifically inquire into the defendant's literacy and competency. Nonetheless, this Court found the defendant's predicate guilty plea in each case to be valid. This Court relied on the predicate record as a whole and determined the plea colloquy gave the trial judge in the predicate plea an opportunity to adequately measure the defendant's capacity to understand the rights he was waiving.
In the present case, the transcript of the December 10, 1997 predicate plea colloquy shows the trial judge advised defendant that by pleading guilty he was waiving: 1) his right to a judge trial, 2) his right to have the state prove his guilt beyond a reasonable doubt, 3) his right to confront his accusers and to cross examine witnesses, 4) his right against self incrimination, and 5) his right to an attorney or to have one appointed if he could not afford an attorney. In addition, the waiver of rights form advised defendant of: 1) his right to a judge trial, 2) his right to confront his accusers and cross-examine witnesses called to testify against him, 3) his right against self-incrimination, and 4) his right to counsel, or appointed counsel if he could not afford counsel.
The state is correct in its assertion that the present case is virtually identical to Pickett and Frickey. In fact, the waiver of rights form in the instant case is identical to the form used and approved in Pickett. The only distinction between Pickett and the present case is that the predicate plea *769 transcript in Pickett indicated that the defendant spoke with the assistant district attorney prior to entering his plea. It was apparently through this conversation that the defendant learned of his right to enter a guilty plea under La.C.Cr.P. art. 894, of which he took advantage. While there is no mention in the present transcript of a similar conversation between defendant and the assistant district attorney, the transcript indicates that defendant also entered his plea under Article 894.
The distinction between Frickey and the present case is the content of the predicate plea colloquy. During the plea colloquy in Frickey, like in the present case, the defendant was advised of his right to counsel and appointed counsel along with his right to a trial, right against self-incrimination and right of confrontation. However, in Frickey, the defendant was also asked if any threats or promises were made in exchange for his plea, and was advised that if he had any questions or failed to understand anything, to stop the trial judge and the trial judge would explain. The defendant indicated that he understood the instruction. Thereafter, the defendant did not ask any questions.
In the present case, the trial judge in the predicate plea did not inquire into whether threats or promises were made to defendant and did not specifically invite defendant's questions. However, the waiver of rights form that defendant signed specifically stated: "No promises or threats have been made to encourage me to enter a guilty plea to the above charge(s)," and "My rights have been thoroughly explained to me by the trial judge. I understand them and I have no further questions to ask." We find the distinctions between Frickey and the present case to be insignificant insofar as defendant's overall comprehension of his right to counsel is concerned.
In quashing defendant's predicate plea in the matter before us, the trial court stated: "Okay, I am impressed from reading the transcripts and the records as to the December 10, 1997 plea that [it] is not clear if the waiver of counsel was made knowingly and intelligently." Based on Frickey, Pickett, and Theriot, supra, we find that the trial court erred in quashing the December 10, 1997 predicate plea on this basis. Defendant was advised of his right to counsel in both the plea colloquy and the waiver of rights form. We find that the colloquy gave the trial judge in the predicate plea an opportunity to measure defendant's capacity to understand the rights he was waiving.
Finally, pursuant to La.C.Cr.P. art. 920, the record was reviewed for errors patent, and none are noted.
Accordingly, for the foregoing reasons, the judgment of the trial court, quashing defendant's December 10, 1997 predicate guilty plea, is hereby reversed. The matter is remanded to the trial court for further proceedings consistent with this opinion.
JUDGMENT ON MOTION TO QUASH REVERSED; REMANDED.
NOTES
[*] Counsel of record on appeal.