J^CHEHARDY, Judge.
In this matter, defendant, Ray A. Pen-dleton, was charged by bill of information with driving while intoxicated, third offense (DWI-3), occurring on or about December 11, 1998. The bill, filed on February 1, 1999, contained information of two prior DWI convictions, first offense, as follows: a conviction via plea of guilty in the First Parish Court, Division “B” on November 19, 1997, in case number F-1144803; and a conviction via plea of guilty in the Twenty-Ninth Judicial District Court, Parish of St. Charles, on October 25, 1991, in case number 225728.
In the instant case, defense counsel moved for the trial court to quash the two predicate guilty pleas. After hearing, the trial court denied defendant’s motion. Defendant thereafter entered into a negotiated guilty plea to DWI-3, under State v. Crosby, 338 So.2d 584 (La.1976), reserving his right to challenge the trial court’s ruling on the motion to quash. Defendant executed a waiver form, also signed by the trial judge and defense counsel, in which he initialed his understanding and waiver of his constitutional rights as set out in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
After waiving delays, defendant was sentenced to three years in parish prison, with the sentence suspended for two years. Defendant’s sentence included one year in ^prison, followed by two years’ active probation. A fine of $2,000.00, a commissioner’s fee and court costs were imposed. Defendant was ordered to attend a substance abuse program and any other program as deemed appropriate by the Department of Corrections. An interlock device was also ordered to be installed on defendant’s vehicle. This appeal ensued.
Defendant’s sole assignment of error on appeal is that the trial court erred in failing to quash defendant’s two prior guilty pleas.
In State v. Carlos, 98-1366 (La.7/7/99), 738 So.2d 556, the Louisiana Supreme Court extended the burden-shifting principles for habitual offender proceedings announced in State v. Shelton, 621 So.2d 769 (La.1993) to the recidivist provisions of the DWI statute. Based on Carlos, when a defendant challenges the constitutional validity of a predicate DWI conviction resulting from a guilty plea, the state bears the initial burden of proving, 1) the existence of the guilty plea and 2) that an attorney represented defendant at the plea. Carlos, 738 So.2d at 559. If the state meets the initial burden, defendant must produce affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. Carlos, 738 So.2d at 559.
*1236 With regards to defendant’s 1997 guilty plea, the state introduced the following documents into evidence at the hearing: certified copies of the bill of information charging defendant with DWI, first offense; minute entries; the commitment; and a waiver of constitutional rights form signed by defendant, defense counsel, and the trial judge.
On appeal, defendant argues that the introduced minutes and Boykin form were the “fill-in-the-blank type” that did not provide sufficient specificity about the colloquy between defendant and the court to ensure that there was adequate notice of rights to defendant, or that defendant understood those rights and knowingly and voluntarily waived them. Defendant also argues that the trial court did not advise defendant that his | ¿plea in that case could be used against him to enhance the crime and penalty in future DWI arrests.
In his 1997 conviction, the minute entry states that defendant, who was represented by counsel, was advised by the trial court of his rights. The waiver of rights form, signed by defendant, defense counsel, and the trial judge, shows that defendant was advised of his Boykin rights, including the right, in this case of a misdemeanor, to trial by judge, the right to remain silent, and the right to confront his accusers. The form further recited the following: (1) defendant was entering a plea under Article 894 and was waiving the rights indicated; (2) defendant had not been forced, threatened, or intimidated to make the plea and no promises were made; (3) defendant was advised, and understood, that the conviction may be used against him for future enhancement or increase of the sentence or penalties for any subsequent conviction; (4) defendant was informed that if he elected to have a trial, he had a right to counsel at. trial and appeal and that one would be appointed to him if he was unable to pay for counsel; (5) defendant signed the form, certifying that the rights recited therein were read and explained to him by his counsel and that he had no further questions.
Upon review, and pursuant to Carlos, supra, we find that the state met its initial burden of proving the existence of the guilty plea and that an attorney represented defendant at the plea. We further find that defendant has failed to produce affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. Accordingly, we find that the trial court properly denied defendant’s motion to quash his 1997 DWI conviction.
With regards to defendant’s 1991 guilty plea, the state introduced the following documents into evidence at the hearing: certified copies of the bill of information charging defendant with DWI, first offense, the minute entries, and the transcript of the plea colloquy. The minute entries indicate that, at the time of his arraignment, defendant was present in court with counsel and that he entered a plea of not guilty. However, thatj^minute entry also states that defendant’s indigen-cy was tested and his appointed attorney was “removed as counsel of record.” Thus, it appears that defendant was provided with appointed counsel, but that upon finding that he was not indigent, defendant’s court-appointed counsel was removed.
Three weeks later, and without being represented by counsel, defendant withdrew his plea of not guilty and entered a plea of guilty. The transcript of the brief plea colloquy indicates that defendant was informed by the trial judge of the following:
In this particular matter, you have a right to have a trial before a jury. You have a right to have an attorney. You have a right not to take the witness stand. And a right to cross-examine people. Those rights can be waived provided you voluntarily and intelligently waive them.
*1237 As I understand, you want to waive your rights and plead guilty because you are, in fact, guilty?
Defendant then answered: ‘Tes sir.”
Prior to informing defendant of these rights, the trial judge stated that two other charges were to be dismissed as a result of his plea. In addition, the trial judge recited the driving while intoxicated statute La. R.S. 14:98, and advised defendant of his sentencing exposure for first offense DWI.
Upon review, we find this plea clearly distinguishable from defendant’s 1997 guilty plea, as defendant was not represented by counsel when he plead guilty in 1991 to DWI. State v. Carlos, supra, neither involved nor addressed the state’s initial burden when the challenged guilty plea was taken without representation by counsel. Before Carlos, Louisiana jurisprudence held that an uncounseled misdemeanor DWI guilty plea could be used to enhance a subsequent DWI offense if the state established that defendant knowingly and intelligently waived his right to counsel when the prior guilty plea was entered. State v. Stevison, 97-3122 (La.10/30/98), 721 So.2d 843, 844; State v. Strain, 585 So.2d 540, 543-544 (La.1991).
In State v. Boudreaux, 99-1017 (La.App. 5 Cir.2/16/00), 756 So.2d 505, 508, this court recognized that the existing jurisprudence on the issue of uncounseled predicate IfiDWI pleas remained valid in the wake of Carlos. The Boudreaux court concluded that, when a defendant challenges a predicate DWI guilty plea entered into without counsel, the state must prove, as part of its initial burden under Carlos, that the defendant knowingly and intelligently waived the right to counsel before entering the guilty plea.
In Strain, supra, the Louisiana Supreme Court established guidelines that the trial judge should follow when a defendant pleads guilty to a misdemeanor without counsel. According to Strain, the trial judge should expressly advise defendant of his right to counsel and to appointed counsel if he is indigent. The judge should further determine on the record that the waiver of counsel is made knowingly and intelligently under the circumstances. Factors bearing on the validity of this determination include the age, education, experience, background, competency and conduct of the accused, as well as the nature, complexity and seriousness of the charge facing defendant. Strain, 585 So.2d at 543-544.
In Stevison, supra, the Louisiana Supreme Court explained that “Strain did not establish inflexible criteria or a magic word formula for determining the volun-tariness of a waiver.” Rather, the determination of the validity of the accused’s waiver of counsel rests on the totality of the circumstances in each case. Stevison, 721 So.2d at 844-45.
In the matter before us, a review of the guilty plea transcript shows that the trial judge did not make an inquiry into defendant’s background and competency, nor did the trial judge assess defendant’s ability to knowingly and intelligently waive his right to counsel. The trial judge merely recited defendant’s rights and then asked if he wanted to waive them and plead guilty. Based on these facts, we cannot say that the state proved that defendant knowingly and intelligently waived his right to counsel before entering the guilty plea. Boudreaux, supra; Strain, supra. Therefore, the trial court in this matter erred in failing to quash defendant’s 1991 guilty plea.
Finally, pursuant to La.C.Cr.P. art. 920, the record was reviewed for errors patent, and none are noted.
^Accordingly, for the foregoing reasons, while we find that the trial court properly denied defendant’s motion to quash his 1997 DWI guilty plea, we must reverse the trial court’s ruling with regards to defendant’s 1991 DWI guilty plea, as the state failed to prove that defendant’s plea, made without counsel, was knowing and voluntary. Because defendant’s 1991 guilty plea *1238 is constitutionally infirm, we must vacate defendant’s April 24, 2000 guilty plea and sentence to DWI-3 herein. We remand this case to the trial court for further proceedings consistent with this opinion.

REVERSED IN PART; VACATED IN PART; REMANDED.