708 So.2d 1096 (1998)
STATE of Louisiana
v.
Patrick GARRITY.
No. 97-KA-958.
Court of Appeal of Louisiana, Fifth Circuit.
January 27, 1998.
Paul D. Connick, Jr., District Attorney, Terry Boudreaux, Assistant District Attorney, Gretna, for Plaintiff-Appellee.
Margaret S. Sollars, Thibodaux, for Defendant-Appellant.
DUFRESNE, Judge.
On May 27, 1997, the Jefferson Parish District Attorney filed a bill of information charging defendant, Patrick Garrity, with operating a vehicle while intoxicated, fourth offense, a violation of LSA-R.S. 14:98E. Defendant entered a plea of not guilty and filed various pre-trial motions, including motions to suppress evidence, identification and confession.
On August 21, 1997, defendant filed a motion to quash, contending that one or more of the predicate convictions alleged in the bill of information was defective. On the same day, the trial court heard and denied defendant's motion. Immediately thereafter, defendant withdrew his plea of not guilty, and entered a guilty plea under State v. Crosby, 338 So.2d 584 (La.1976), reserving his right to appeal the trial court's denial of his motion to quash. On the same day, the trial court imposed a ten year sentence, five years of which were suspended. The court stipulated that three *1097 years of the sentence would be served without benefit of parole, probation or suspension of sentence. The court also gave defendant credit for time served. Defendant has appealed.
The Defendant complains that the trial court erred in denying his motion to quash the bill of information charging him with fourth offense DWI (driving while intoxicated). Defendant argues that he entered guilty pleas to two predicate DWI charges without assistance of counsel, and that he did not knowingly and intelligently waive his right to counsel. Therefore, defendant contends, those convictions could not be used for enhancement purposes.
The three predicate DWI convictions used to enhance defendant's sentence were obtained on January 5, 1990, February 8, 1996, and December 4, 1996. On appeal, defendant challenges only the first two guilty pleas. It is first noted that in his written motion to quash, defendant only raised the validity of his January 1990 conviction. In his argument at the motion hearing, defense counsel commented on the validity of each of the three predicate convictions. The trial court, however, rendered a judgment only as to the January 1990 conviction. In his brief to this Court, defendant challenges the validity of the January 1990 and February 1996 DWI convictions, but only the 1990 conviction is properly before this Court.
The Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution of 1974 guarantee a criminal defendant the right to assistance of counsel at each stage of a criminal proceeding. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); State v. Strain, 585 So.2d 540 (La.1991). Once informed of the right to counsel, a defendant may intentionally waive that right. State v. Strain, 585 So.2d at 542 (La.1991); State v. Price, 96-680, p. 7 (La.App. 5 Cir. 2/25/97), 690 So.2d 191, 195. In order to use a prior DWI guilty plea to enhance the penalty for a subsequent DWI conviction, the state must affirmatively show that, in entering the prior guilty plea, the defendant was either represented by counsel or that he knowingly and intelligently waived his right to representation by counsel. State v. Fritcher, 95-0124, p. 2 (La.App. 1 Cir. 4/4/96), 672 So.2d 295, 296; State v. Sammon, 582 So.2d 360 (La. App. 2 Cir.1991).
Defendant's January 1990 guilty plea was to a charge of second offense DWI, a misdemeanor. When an accused waives his right to counsel in pleading guilty to a misdemeanor, the trial judge should expressly advise him of his right to counsel and to appointed counsel if he is indigent. The judge should further determine on the record that the waiver is made knowingly and intelligently under the circumstances. Factors bearing on the validity of this determination include the age, education, experience, background, competency, and conduct of the accused, as well as the nature, complexity, and seriousness of the charge. State v. Strain, supra; State v. Fritcher, supra. While the judge need not inquire into every one of these factors, there must be a sufficient inquiry to establish a knowing and intelligent waiver under the overall circumstances. State v. Strain, 585 So.2d at 543.
A transcript of defendant's 1990 guilty plea was admitted as part of Joint Exhibit One at the hearing on motion to quash. It appears, from the transcript, that defendant was not represented by counsel at his guilty plea. At the beginning of the guilty plea proceeding, the prosecutor stated:
Mr. Garrity is charged with Driving While Intoxicated, Second Offense. He's had a couple of continuances, Your Honor, and claims to have an attorney, but we had a pretrial. At this time he wishes to withdraw his former plea of not guilty, and enter a plea of guilty to the charge of Driving While Intoxicated, Second Offense.
Your Honor, although Mr. Garrity has not had benefit of counsel, I have, in fact, provided him a boykin form and asked him if he had any questions.
The guilty plea form to which the prosecutor referred was also made part of Exhibit One. The pertinent section of that form reads:
If I elect to have a trial, I have a right to have competent counsel represent me at *1098 the trial and if I am unable to pay for counsel the Court will appoint competent counsel to represent me. If convicted after trial, I have a right to appeal with competent counsel and by pleading GUILTY I am waiving these rights.
The trial judge in the 1990 case did not make any inquiries into defendant's background or ability to understand the proceedings. Although the assistant district attorney claimed to have had some discussion with defendant about the case, the record does not show that the judge verbally advised defendant of his right to counsel. The guilty plea form only advises of the right to counsel at trial; it does not explain defendant's right to be represented by counsel at all stages of a criminal proceeding. Considering the guilty plea record as a whole, the defendant was not sufficiently advised of his right to counsel, nor that he made an intelligent and voluntary waiver of that right.
Accordingly, the defendant's conviction as a fourth DWI offender is set aside and we remand to the trial court for further proceedings.
CONVICTION SET ASIDE, REMANDED.