756 So.2d 505 (2000)
STATE of Louisiana
v.
Ray BOUDREAUX.
No. 99-KA-1017.
Court of Appeal of Louisiana, Fifth Circuit.
February 16, 2000.
*506 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Thomas J. Butler, Quentin Kelly, Assistant District Attorneys, Gretna, Louisiana, Attorneys for Plaintiff/Appellant.
E. Wayne Walker, Gretna, Louisiana, Attorney for Defendant/Appellee.
Panel composed of Judges CHARLES GRISBAUM, EDWARD A. DUFRESNE, Jr., and SOL GOTHARD.
*507 GOTHARD, Judge.
In this criminal appeal, the State appeals a decision by the trial court which granted a defense motion to quash an indictment which charged the defendant, Ray Boudreaux, with a third offense of operating a vehicle while intoxicated (DWI). For reasons that follow, we affirm.
The record shows that defendant was charged with third offense DWI by bill of information. He entered a plea of not guilty at the arraignment, and filed a motion to quash the indictment. In the motion to quash, defendant challenged the prior convictions used as predicate offenses by arguing he was not properly advised of his constitutional rights before entering guilty pleas to those two offenses. After a hearing on the matter, the trial court granted the motion. The State timely moved for an appeal.
In brief to this court the State presents two issues for our review. In the first the State argues that the motion to quash is the improper procedural device to test the constitutionality of the guilty pleas in the predicate offenses.
LSA-C.Cr.P. Article 531 provides that "[a]ll pleas or defenses raised before trial, other than mental incapacity to proceed, or pleas of `not guilty' and of `not guilty by reason of insanity,' shall be urged by a motion to quash." A motion to quash is essentially a mechanism to urge pre-trial pleas, that is, pleas which do not go to the merits of the charge. State v. Byrd, 96-2302 (La.3/13/98), 708 So.2d 401, 411, cert. denied, 525 U.S. 876, 119 S.Ct. 179, 142 L.Ed.2d 146 (1998). At a hearing on a motion to quash, evidence is limited to procedural matters and the question of factual guilt or innocence is not before the court. Id.
In State v. Pertuit, 98-1264 (La.App. 5 Cir. 4/27/99), 734 So.2d 144, this court held that a motion to quash is the proper vehicle to challenge the constitutional validity of a prior DWI guilty plea. In Pertuit, the defendant filed a motion to quash the bill of information that charged him with fourth offense DWI. He contended that the bill of information should be quashed because he had not been properly advised of his constitutional rights before pleading guilty to one of the prior offenses. The State appealed the trial court's grant of the motion to quash, asserting, as it does in this appeal, that the motion to quash was not the correct procedural vehicle to raise such a claim. This court rejected the State's position as follows:
In the present case, the issues raised by the defendant in the motion to quash do not go to the merits of the case, but rather focus on the constitutional validity of the defendant's prior DWI conviction. Thus, we find that a motion to quash was, in fact, the correct procedural vehicle by which to raise these issues.
Pertuit, 734 So.2d at 147.
Most recently, this court again rejected the same argument in State v. Clarence Moten, 99-KA-552 (La.App. 5 Cir. 11/30/99), 748 So.2d 1210. Referencing the decision in Pertuit, supra, this court held that the motion to quash is the proper vehicle to attack the constitutionality of a predicate DWI guilty plea. State v. Moten, supra, 748 So.2d at 1211.
Based on the foregoing, we find the State's claim raised in this assignment has no legal support, and this assignment lacks merit.
The State also asserts that it met its initial burden of proof to show that the defendant was properly Boykinized in the predicate offenses and the case should be remanded for further proceedings.
In support of this argument, the State cites State v. Carlos, 98-1366 (La.7/7/99), 738 So.2d 556. The Carlos court extended the burden-shifting principles for habitual offender proceedings, set forth in State v. Shelton, 621 So.2d 769 (La.1993), to the recidivist portions of the DWI statute. Under Carlos, when a defendant challenges *508 the constitutionality of a predicate guilty plea, the State's initial burden is to show the existence of a guilty plea and that the defendant was represented by counsel when the plea was entered. Id. at 559. The Carlos court further explained that the State retains the burden at trial to prove the existence of the prior convictions and the defendant's identity in the prior convictions. Id. at 560. This court recognized Carlos' burden-shifting scheme in State v. Pickett, 99-532 (La.App. 5 Cir. 10/26/99), 746 So.2d 185.
In Carlos the court held that the State satisfied the initial burden with a minute entry and a printed waiver of rights form signed by the defendant, his attorney, and the trial judge. The minute entry contained the defendant's name, showed that the defendant pled guilty to second offense DWI in 1988, and indicated the sentence received. The printed waiver of rights form attested that the defendant had been advised of, understood, and waived his right to a bench trial, to confront his accusers, and waived his privilege against self-incrimination. Carlos, at 557.
In the instant case, the State has satisfied the first prong of the initial burden, that is, proving the existence of the two predicate guilty pleas. However, the State failed to meet the second prong of the initial burden, that is, showing the defendant was represented by counsel. With regard to the first predicate offense, there is nothing to indicate that the defendant was represented by counsel when the guilty plea was entered. With regard to the second predicate offense, the record of that offense reflects that counsel was appointed to represent the defendant, but the record does not indicate that the defendant was still represented by counsel when he entered the second predicate guilty plea.
Nevertheless, this is not the end of our inquiry. Before Carlos, Louisiana jurisprudence held that an uncounseled misdemeanor DWI guilty plea could be used to enhance a subsequent DWI offense if the State established that the defendant knowingly and intelligently waived his right to counsel when the prior guilty plea was entered. State v. Stevison, 97-3122 (La.10/30/98), 721 So.2d 843; State v. Strain, 585 So.2d 540 (La.1991); State v. Garrity, 97-958 (La. App. 5 Cir. 1/27/98), 708 So.2d 1096. The question of a valid waiver of counsel was not at issue in Carlos, and there is no indication that the Carlos court intended to abrogate this jurisprudence.[1] Therefore, the first step in the analysis of whether the State met its initial burden in this case is to determine if the defendant validly waived his right to counsel in the prior guilty pleas.
An accused in a criminal prosecution is guaranteed the right to assistance of counsel for his defense by the Sixth Amendment to the United States Constitution, as well as Article 1, § 13 of the Louisiana Constitution. Gideon v. Wainwright, 372 U.S. 335, 339, 83 S.Ct. 792, 794, 9 L.Ed.2d 799 (1963); State v. Strain, supra, 585 So.2d at 542; State v. Garrity, supra, 708 So.2d at 1097. Once informed of the right to counsel, an accused may intentionally waive that right. State v. Strain, supra; State v. Garrity, supra.
In Strain, the Louisiana Supreme Court observed that, in accepting a waiver of counsel, the trial judge should inform the accused of the nature of the charges, and the penalty range, and the judge should inquire into the accused's age, education and mental condition. Id. at 542. However, in State v. Stevison, supra, the court remarked that the Strain court did not "establish inflexible criteria or a magic word formula for determining the voluntariness of the waiver." Stevison, at 845. *509 Rather, the determination of the validity of the accused's waiver of counsel rests on the totality of the circumstances in each case. Id.
In State v. Deroche, 96-1376 (La.11/8/96), 682 So.2d 1251, the Louisiana Supreme Court reversed the First Circuit, which had held that a minute entry and a waiver of rights form, taken together, reflected that the defendant had been advised of his Boykin[2] rights, including the right to counsel, even though the minutes were silent as to the defendant's right to counsel. The minutes are likewise silent as to whether the trial judge entered into a colloquy with the defendant to ascertain if the defendant knowingly and intelligently understood his rights and the effect of a waiver of these rights. State v. Deroche, 95-0376 (La.App. 1 Cir. 4/10/96), 674 So.2d 291, 296-298. In a per curiam opinion, the Louisiana Supreme Court noted that the minutes of the challenged guilty plea reflected that the trial judge had canvassed some of the trial rights that would be waived in a guilty plea. However, the court held that the record did not establish a valid waiver of counsel because the minutes failed to show that the trial judge inquired into the defendant's capacity to waive his right to the assistance of counsel. State v. Deroche, supra, 682 So.2d at 1252.
Likewise, in State v. Garrity, supra, this court held that the defendant had not been adequately advised of his right to counsel and had not made an intelligent and voluntary waiver of that right when he pled guilty to the predicate misdemeanor DWI. The transcript of the predicate offense indicated that Garrity was unrepresented when he entered his guilty plea. After reviewing the record, this court determined that the trial judge had not made any inquires into the defendant's background or his ability to understand the proceedings. Additionally, this court found that the guilty plea form only advised Garrity of the right to counsel at trial, but did not explain the right to be represented by counsel at all stages of the proceedings. Consequently, we concluded that the record did not demonstrate that defendant was sufficiently advised of the right to counsel, or that he intelligently waived that right. Id. at 1098.
In State v. White, 98-0343 (La.App. 1 Cir. 12/28/98), 727 So.2d 574, the court held that the record did not reflect an intelligent waiver of counsel when defendant entered one of the predicate misdemeanor DWI guilty pleas. The minute entry of the challenged guilty plea stated that the judge had informed the defendant of his right to trial, right against self-incrimination, right of confrontation, right to be represented by an attorney, and the presumption of innocence. Although the guilty plea form informed the defendant that the right to counsel would be waived if he pled guilty, the First Circuit noted that the transcript was lacking and stated:
We can only conclude from the documents submitted into evidence that there was no inquiry on the record as to the defendant's education, experience, background, or competency, nor can we assume that this information was in the record. At the hearing on the motion to quash, the defendant testified that the judge did not ask him if the defendant understood what was happening to him. Even noting the ... judge's opportunity to observe the defendant's appearance, demeanor, and responses in court, in light of the above jurisprudence we find that, after considering everything which appears in the instant record, we must conclude that the evidence relied upon by the State to prove predicate # 3 was woefully inadequate to establish a valid waiver of counsel.
Because it is questionable whether there was a valid waiver of counsel in either predicate offense, we find the instant case is analogous to White, Deroche and Garrity. At the hearing on the motion to quash *510 in the instant case, the State introduced the records of both predicate offenses, the first bearing case number 456176, and the second predicate bearing case number 491321. Neither of these records contains transcripts of the guilty pleas. Further, based on the discussion between the prosecutor and defense attorney at the hearing on the motion to quash, it does not appear that either the State or the defense has been able to locate a transcript of the guilty plea for either case. The record of the first predicate offense does contain a certified copy of the bill of information charging the defendant with DWI and indicating the defendant's arraignment date as September 18, 1989. The record also contains a certified copy of a minute entry indicating that, on September 18, 1989, the "defendant was advised by court of rights to counsel," and that a plea of guilty to DWI was entered. The record also contains a printed form which contains the following language:
As a defendant in the above numbered and entitled proceedings, you are hereby advised of the following rights that have been guaranteed to you by the United States Constitution:
1. You must appear before this court for the purpose of being arraigned, at which time you will be read the charge as stated in the Bill of information and then you must enter your plea of "Guilty" or "Not Guilty". If you enter a plea of "Not Guilty" you have the right to a trial. If the maximum sentence exceeds six months or a $500.00 fine, you may ask for a jury trial. Otherwise, you have the right to have a trial before a Judge. If you have a trial, you or your lawyer will have the right to cross-examine witnesses called by the State. You cannot be required to testify, call witnesses or produce evidence, but you may do so if you choose. You cannot be convicted unless the state produces evidence which is sufficient to prove you guilty beyond a reasonable doubt.
If you plead "Guilty," you give up your right to have a trial, your right to cross[-]examine the witnesses against you and your right not to be compelled to incriminate yourself. The Judge can impose any sentence in accordance to Louisiana Law and you have no right to appeal therefrom.
2. You have the right to hire a lawyer of your choice[;] however, if you would like to be represented and it is determined that you cannot afford a lawyer, one will be appointed to represent you.
3. Should you plead "Guilty" or be convicted, then such a plea can be used against you as a second or third offender, and in addition, you [sic] plea of guilty to any moving traffic violation can seriously affect you under the Habitual Offender Law. Further, the Louisiana Department of Public Safety will suspend your driving privileges for a minimum period of ninety (90) days.
CERTIFICATE:
I hereby certify that the above rights have been read and explained to me to my full satisfaction and that I have no further questions to ask concerning my rights and that this acknowledgment by me will be part of these proceedings.
This form, however, contains only the signatures of the defendant and a deputy clerk, and the form is not dated. The record of the first predicate offense also contains a commitment that lists the choices "pled" or "found guilty" and indicates that one of them should be circled. Neither of the two choices is circled, and the commitment is not signed by the trial judge, nor is the commitment dated.
Considering the record in light of the foregoing jurisprudence, the record of the first guilty plea does not demonstrate a valid waiver of counsel. There is nothing in the record to indicate that the trial judge made a determination on the record that the defendant knowingly and intelligently waived his right to counsel, as contemplated by our jurisprudence. See *511 State v. Stevison, supra, 721 So.2d at 844, and the cases cited therein, as well as the cases previously discussed. Accordingly, the trial judge did not err in granting the motion to quash with regard to the first predicate offense.
With regard to the second predicate offense, the record is unclear as to whether or not the defendant made a valid waiver of counsel when entering the guilty plea without the assistance of counsel. The certified copy of the bill of information in the second predicate offense charges the defendant with second offense DWI, with reckless operation of a vehicle, and driving on a suspended license. The certified copy of the minute entry reflects that the defendant pled not guilty at his June 24, 1991 arraignment, and that the defendant was advised of his rights to counsel by the trial court. The minute entry also reflects that the trial judge appointed an attorney for the defendant. The record also contains a certified copy of a form identical to the one set out above, which explained the defendant's rights, including his right to counsel. The record further contains a certified copy of a Request for Counsel form, which is signed by the defendant, and dated June 24, 1991. The form reflects that Thomas Schexnayder was appointed to represent the defendant, and the form lists Mr. Schexnayder's address and telephone number. The minute entry for October 3, 1991 reflects that the defendant pled guilty to the amended charge of first offense DWI and that the other charges were dismissed.
The combination of the June 24, 1991 minute entry, and the Request for Counsel form, tend to support a finding that the defendant was represented by counsel when he entered the guilty plea. However, it appears that the defendant may have not been represented by counsel when he pled guilty. The October 3, 1991 minute entry does not reflect any information about the defendant's attorney, and the record contains a form entitled "Waiver of Rights" that states the defendant understood his right to counsel, that he wished to waive that right, and wished to enter the guilty plea without the assistance of counsel. This form is dated October 3, 1991, and is signed only by the defendant and the assistant district attorney.
As in the first predicate offense, there is nothing in this record to indicate that the trial judge made a determination on the record that the defendant knowingly and intelligently waived his right to counsel. Nevertheless, as pointed out by the Louisiana Supreme Court in Strain, "determining the defendant's understanding of his waiver of counsel in a guilty plea to an uncomplicated misdemeanor requires less judicial inquiry than determining his understanding of his waiver of counsel for a felony trial" and that "the crime of driving while intoxicated is a non-complex crime, even among misdemeanors, and is almost self-explanatory." Strain, supra, 585 So.2d at 544.
We find that the totality of the circumstances of the second predicate offense supports a finding that the defendant knowingly and intelligently waived his right to counsel. The record indicates that the defendant was informed at arraignment of his right to counsel, that counsel was appointed to represent him, and that the defendant signed a form waiving his right to counsel. Additionally, the defendant was no stranger to the crime of DWI, since he was charged with his second DWI offense. Finally, the guilty plea was to the defendant's benefit, since the charge was reduced to first offense DWI and the other charges were dismissed. Considering the totality of the circumstances, we find that the defendant validly waived his right to counsel. Accordingly, the State met its initial burden.
Under Carlos, the burden then "shifts" to the defendant to produce affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the guilty plea. If the defendant is successful, the State must then *512 prove the constitutionality of the plea. State v. Carlos, supra, 738 So.2d at 559. The entire burden-shifting scheme is set out in Carlos as follows:
In Shelton, this Court recognized that Boykin does not require that the entire burden be placed on the prosecution in a recidivism proceeding. Rather, the presumption of regularity that attaches to prior convictions encouraged us to revisit our previous system of placing the entire burden on the State to prove the validity of prior convictions. Consequently, we held that when a defendant denies the allegations contained in the bill of information in an habitual offender proceeding, the burden is on the State to prove the existence of the prior guilty pleas and that the defendant was represented by counsel when they were taken. If the State meets this initial burden, the defendant must produce affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. If the defendant carries this burden, then the burden reverts to the State to prove the constitutionality of the plea.... The State will meet this burden by producing a "perfect" transcript of the guilty plea colloquy. Anything less than a "perfect" transcript, such as a guilty plea form or minute entry, will require the trial judge to weigh the evidence submitted by both sides and determine whether the defendant's Boykin rights were prejudiced.
Id. 738 So.2d at 559 (citations and footnotes omitted).
Based on the foregoing quotation from Carlos, however, the defendant must do more than merely point to the absence of a transcript of a Boykin colloquy. In both Shelton and Carlos, the matters were remanded to allow the defendants in those cases an opportunity to meet their burdens. Neither case gives much guidance on what a defendant must do to satisfy that burden. In a footnote, the Shelton court states that the defendant may "attempt to meet his burden of production with a transcript, with testimony regarding the taking of the plea, or with other affirmative evidence." State v. Shelton, supra, 621 So.2d at 780, fn. 24. Likewise, in a footnote, the Carlos court references cases from other jurisdictions that have placed the burden on the defendant to show a constitutional deficiency in the judgment once the State meets its initial burden. In one of the cases, Montana v. Couture, 289 Mont. 215, 959 P.2d 948 (1998), the defendant met his burden with his own affidavit, as well as that of his wife, which stated that the defendant was not advised of his right to counsel in the predicate offenses.
In the instant case, the State contends that the defendant did not meet his burden. The State urges this court to remand the matter for a hearing at which the defendant should be required to meet his burden with affirmative evidence, rather than mere allegations.
At the hearing on the motion to quash, the defense attorney urged that the predicate guilty pleas were constitutionally deficient because the trial judge who accepted both guilty pleas did not advise defendants of their Boykin rights:
BY MR. WALKER (defense counsel):
As the Court well knows, in order to use those [predicate offenses], the state has to show that the defendant was properly Boykinized. In this case it's my contention that that did not occur, Your Honor. These cases were heard before Judge Molaison, who had a long history of not having colloquies with the defendants.
BY THE COURT:
It is my understanding further that there is no transcript available of any colloquy, if any took place. There's no transcript available.
BY MR. WALKER:
We have made a diligent search, Your Honor.
BY THE COURT:

*513 There is no minute entry available to indicate such a colloquy took place, if I'm correct.
BY MR. WALKER:
I was unable to determine that Ray Henning was the court reporter, and Mr. Henning did a diligent search, and said he would be willing to testify that Judge Molaison never gave colloquies to the defendants.
BY MR. KELLY:
If I may respond, the state at this time would offer, file and introduce into evidence State's Exhibit 1 en globo, the entire record of both prior pleas, which indicate a well executed Waiver of Rights Form. However, the Court is correct, there is no minute entry that his rights were read, but the state's position is that this defendant did in fact receive a Waiver of Rights Form, he signed it, there is a commitment in each particular case, and the state's position is that this is sufficient under the law, and I would file it in evidence.
BY THE COURT:
I believe the state is aware in the event that that would be sufficient, that there would be no need for me to go back over the Waiver of Rights Forms in every case, and particularly with the severity of what can flow from a D.W.I. conviction, the absence of either one, a transcript of that colloquy, or something to prove that there was a colloquy, that the defendant other than just signing a Waiver of Rights, that he was aware of his rights. The Court is going to grant the motion to quash.
As noted in the foregoing excerpt from the transcript, the State attempted to then prove the constitutionality of both pleas with the documents in the predicate records. Carlos directs that the State may prove the constitutionality of the plea with a perfect transcript of the guilty plea colloquy, or with other evidence. Anything other than a perfect transcript, such as a guilty plea form or a minute entry, requires the trial judge to weigh the evidence submitted by the State and the defendant, and to determine whether the defendant's Boykin rights were prejudiced. Carlos, supra, 738 So.2d at 559.
Having concluded that the first plea was constitutionally deficient based on an invalid waiver of counsel, it is unnecessary to discuss whether the State met its final burden. We note, however, that nothing, other than the undated form signed by the defendant and the deputy clerk, even hints that the defendant was informed of his Boykin rights. With regard to the second plea, the only indication that the defendant was advised of his Boykin rights is the two printed forms in the record of the second predicate, neither of which is signed by the trial judge.
If the minute entries in the predicate offenses had indicated that the defendant had been advised of his Boykin rights, both predicate guilty pleas would probably survive a constitutional challenge. In State v. Bland, 419 So.2d 1227, 1232 (La. 1982), the Louisiana Supreme Court found the State had proven the constitutionality of the predicate guilty plea when the State introduced a minute entry which stated the defendant was represented by counsel and the defendant waived his Boykin rights. Id. at 1232, fn. 8, 1233.
However, "a guilty plea-rights waiver form, even if well-executed and complete in every detail, without minutes or a transcript of the plea is not sufficient to show a knowing and voluntary waiver of Boykin rights." State v. Dejean, 94-459 (La.App. 5 Cir. 11/28/95), 694 So.2d 284, 286, writ denied, 96-0547 (La.5/17/96), 673 So.2d 608. After weighing the evidence submitted by the State and the defense in the instant case, the trial judge obviously determined that the evidence determined that both of the predicate guilty pleas were constitutionally deficient. Based on the foregoing jurisprudence, we do not find that the trial judge improperly granted the defendant's motion to quash.
*514 For the foregoing reasons we affirm the trial court.
AFFIRMED.
NOTES
[1] State v. Pickett implicitly recognized the continued validity of the prior jurisprudence because this court applied this prior jurisprudence to determine whether Pickett had knowingly and intelligently waived counsel when entering the prior guilty plea. Id. at 187.
[2] Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).