782 So.2d 1078 (2001)
STATE of Louisiana
v.
Robert L. THERIOT.
No. 00-KA-870.
Court of Appeal of Louisiana, Fifth Circuit.
January 30, 2001.
*1079 Paul D. Connick, Jr., District Attorney, Ellen S. Fantaci, Terry Boudreaux, Jim Scott, Spiro Latsis, Assistant District Attorneys, 24th Judicial District, Courthouse Annex, Gretna, LA, Counsel for the State of Louisiana.
Kevin V. Boshea, Williams Boshea & Ehle, New Orleans, LA, Counsel for defendant-appellant.
Court composed of Judges CHEHARDY, McMANUS and GAUDIN, Pro Tempore.
CLARENCE E. McMANUS, Judge.
This Crosby[1] appeal on behalf of Robert L. Theriot, Defendant, arises from a guilty plea for third offense, driving while intoxicated (DWI 3), following the denial of a motion to quash one of the two predicate guilty pleas. We affirm Defendant's conviction, vacate the sentence in part, and remand the matter for re-sentencing.

STATEMENT OF THE CASE
A bill of information was filed in the instant matter on July 8, 1997, charging Defendant with a violation of LSA-R.S. 14:98.3. Defendant's motion to quash the information was filed on October 21, 1999; the motion was denied on November 29, 1999. On December 7, 1999, Defendant executed a waiver of rights form, was advised of his constitutional rights, and pled guilty as charged in accordance with Crosby, reserving his rights to appeal the trial judge's ruling. The trial judge then sentenced Defendant to serve three years at hard labor, the first six months of which are to be served without benefit of probation, parole, or suspension of sentence. The judge also imposed a fine of $2,000.00 and ordered the sentence to run concurrently with the sentence imposed in district court case number 97-4584, reckless operation of a vehicle. Defendant assigns as errors the denial of the motion to quash and the sufficiency of the predicate offenses.

DISCUSSION OF ASSIGNMENTS OF ERROR 1 AND 2
The bill of information filed in this case charges Defendant with DWI-3, the offense having been committed on August 30, 1996, and following two previous DWI convictions. According to the bill of information, Defendant was first convicted of DWI on June 23, 1993, in case number 255287 in the Parish of St. Charles, and again on February 8, 1995, in case number [F]1010478 in the First Parish Court for the Parish of Jefferson.
Defendant contends that the trial judge improperly denied his motion to quash both the 1993 and 1995 predicate guilty pleas. Specifically, Defendant asserts that his predicate guilty pleas cannot be used for enhancement purposes because he was not represented by counsel and did *1080 not knowingly and intelligently waive his right to counsel when he entered the prior guilty pleas. Before we address the merits of Defendant's argument, however, we must note that only one of these two earlier offenses is properly before us.
We are without authority to review what was not ruled on below, and we cannot say, based on the record, that sufficiency of the 1993 conviction was adjudicated by the trial court. In the written motion to quash, as well as the amended motion, Defendant referred to two predicate guilty pleas. However, defense counsel limited his argument on the motion to quash to the 1995 conviction (docket number F1010478). Defense counsel informed the trial judge at the hearing that "[t]he basis for my motion to quash is that his second guilty plea, ... docket No. [F]1010478 ... is insufficient under the guidelines, as set forth by the Fifth Circuit under State v. Garrity." Defense counsel concluded his argument by stating, "I would move this Court to quash the second First Parish Court conviction case, No. [F]1010478, which would leave Mr. Theriot as ... a second offender in the new case." No reference was made to the other predicate guilty plea. Additionally, the exhibits introduced by Defendant and the State pertain exclusively to the 1995 conviction. We further note that the trial court's written judgment likewise does not specify whether the judgment was based on reviewing the 1993 or the 1995 conviction. However, since the evidence and argument at the hearing related only to the 1995 conviction, it is clear that the judgment was based on the later conviction.[2] Accord, State v. Garrity, 97-958 (La.App.5 Cir.1/27/98), 708 So.2d 1096, 1097 (wherein we concluded that defendant could challenge on appeal only the predicate guilty plea that was the subject of the trial court's denial of the motion to quash). Therefore, we will consider only arguments raised in regard to Defendant's 1995 conviction.
Regarding the 1995 conviction, Defendant claims he was unrepresented when he entered his guilty plea and that he did not knowingly and intelligently waive his right to counsel. The State responds that the totality of the record demonstrates a valid waiver .
In State v. Carlos, 98-1366 (La.7/7/99), 738 So.2d 556, the Louisiana Supreme Court extended the burden-shifting principles for habitual offender proceedings announced in State v. Shelton, 621 So.2d 769 (La.1993) to the recidivist provisions of the DWI statute. We recognized the Carlos burden-shifting scheme in State v. Pickett, 99-532 (La.App.5 Cir.10/26/99), 746 So.2d 185. Based on Carlos, when a defendant challenges the constitutional validity of a predicate DWI conviction resulting from a guilty plea, the State bears the initial burden of proving, 1) the existence of the guilty plea and 2) that an attorney represented defendant at the plea. Carlos, 738 So.2d at 559. Carlos neither involved nor addressed the State's initial burden when the challenged guilty plea was taken without representation by counsel.
Before Carlos, Louisiana jurisprudence held that an uncounselled misdemeanor DWI guilty plea could be used to enhance a subsequent DWI offense if the State established that defendant knowingly and *1081 intelligently waived his right to counsel when the prior guilty plea was entered. State v. Stevison, 97-3122 (La.10/30/98), 721 So.2d 843; State v. Strain, 585 So.2d 540 (La.1991); Garrity, 708 So.2d at 1097.
In State v. Boudreaux, 99-1017 (La.App. 5 Cir.2/16/00), 756 So.2d 505, we recognized that the existing jurisprudence on the issue of uncounselled predicate DWI pleas remained valid in the wake of Carlos. Id. at 508. In Boudreaux we concluded that when a defendant challenges a predicate DWI guilty plea entered into without counsel, the State must prove as part of its initial burden under Carlos that defendant knowingly and intelligently waived the right to counsel before entering the guilty plea. Id.
In Strain, the Louisiana Supreme Court established guidelines that the trial judge should follow when a defendant pleads guilty to a misdemeanor. According to Strain, the trial judge should expressly advise defendant of his right to counsel and to appointed counsel if he is indigent. The judge should further determine on the record that the waiver of counsel is made knowingly and intelligently under the circumstances. Factors bearing on the validity of this determination include the age, education, experience, background, competency and conduct of the accused, as well as the nature, complexity and seriousness of the charge facing defendant. Strain at 543-544.
In Stevison, the Louisiana Supreme Court explained that Strain did not establish inflexible criteria or a magic word formula for determining the voluntariness of a waiver. Rather, the determination of the validity of the accused's waiver of counsel rests on the totality of the circumstances in each case. Stevison at 845.
In the instant case, the State introduced a certified copy of the record of Defendant's 1995 predicate DWI, bearing case number F1010478 from the First Parish Court, Parish of Jefferson. The record indicates Defendant was charged with second offense DWI, as well as reckless operation of a motor vehicle and failure to yield/stop. The minute entry reflects that Defendant pled not guilty at his November 29, 1994, arraignment, and that Defendant was advised of his rights to counsel by the trial court, and trial was set for February 8, 1995.
The record also contains a waiver of rights form signed by Defendant and the trial judge, dated February 8, 1995. The form specified that Defendant pled guilty under LSA-C.Cr.P. art. 894[3] and further provided that the conviction could be used to enhance a future DWI conviction. The form also contained the following language regarding right to counsel:
If I elect to have a trial, I have a right to have a competent counsel represent me at the trial and if I am unable to pay for counsel the Court will appoint competent counsel to represent me. If convicted after trial, I have a right to appeal with competent counsel and by pleading GUILTY I am waiving these rights.
Finally, the form contained this language followed by Defendant's signature:
I hereby certify that the above rights have been read and explained to me to my full satisfaction by ____________ and that I have no further questions to ask concerning my rights and that this acknowledgment by me will become part of these proceedings.
*1082 Additionally, the State, as well as Defendant, submitted a copy of the transcript of Defendant's guilty plea on February 8, 1995, which provides as follows:
MR. ALMERICO (assistant district attorney): Your Honor, after a pretrial this morning with Mr. Theriot, he's agreed to withdraw his former plea of not guilty and plead guilty to the amended charge of DWI first offense. He asks for consideration under 894. The State has agreed to dismiss the other counts against him, and he's executed a Waiver of Rights form.
THE COURT: Mr. Theriot, it's my understanding you're withdrawing your former plea of not guilty and entering a plea of guilty to the amended charge of driving while intoxicated, first offense. Is that correct, sir?
THE DEFENDANT, ROBERT L. THERIOT: Yes, sir.
THE COURT: You understand that by entering this plea, you're waiving and giving up certain rights, including the right to a trial by myself and the right to appeal if I find you guilty?
THE DEFENDANT, ROBERT L. THERIOT: Yes, sir.
THE COURT: You understand that you have a right against self-incrimination, you do not have to testify if you do not wish to do so, and you have a right to face your accusers?
THE DEFENDANT, ROBERT L. THERIOT: Yes, sir.
THE COURT: You also have a right to subpoena witnesses who will be favorable to you at no cost to you?
THE DEFENDANT, ROBERT L. THERIOT: Yes, sir.
THE COURT: By entering this plea of guilty, you're waiving and giving up these rights. Do you understand that, sir?
THE DEFENDANT, ROBERT L. THERIOT: Yes, sir, I do.
THE COURT: Are you pleading guilty because you are, in fact, guilty?
THE DEFENDANT, ROBERT L. THERIOT: Yes, sir.
THE COURT: Has anybody threatened, intimidated or coerced you into making this plea?
THE DEFENDANT, ROBERT L. THERIOT: No, sir.
THE COURT: I'm satisfied that you're making a knowing and intelligent waiver of your rights, and I am going to accept your plea.
Are you ready for sentencing, Mr. Theriot?
THE DEFENDANT, ROBERT L. THERIOT: Yes, sir.
THE COURT: I'm going to fine you $300 plus costs. I'm going to require that you pay that within 60 days.
I'm going to sentence you to six months in jail. I'm going to suspend that sentence. I'm going to place you on six months active probation.
I'm going to require that you do four eight-hour days of community service.
I'm going to require that you attend a substance abuse clinic and driver improvement school and complete successfully complete both of those programs.
You're getting a real break, Mr. Theriot.
THE DEFENDANT, ROBERT L. THERIOT: Yes, sir, I know that.
THE COURT: Don't foul up again
THE DEFENDANT, ROBERT L. THERIOT: I won't.
THE COURT:because you're right on the edge now. That's all, sir.
*1083 A review of the foregoing transcript reflects that the trial judge did not make an inquiry into Defendant's background and competency, although he asked Defendant whether he understood the Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) rights and waiver. Nevertheless, as pointed out by the Louisiana Supreme Court in Strain, "determining the defendant's understanding of his waiver of counsel in a guilty plea to an uncomplicated misdemeanor requires less judicial inquiry than determining his understanding of his waiver of counsel for a felony trial" and that "the crime of driving while intoxicated is a non-complex crime, even among misdemeanors, and is almost self-explanatory." 585 So.2d at 544; See also Boudreaux, 756 So.2d at 511.
The circumstances surrounding the instant predicate plea are similar to the facts of State v. Barron, 32-960, (La.App. 2 Cir.4/5/00), 758 So.2d 965, 967-968 since in Barron, the trial judge did not specifically inquire into defendant's literacy and competency in accepting an uncounselled DWI plea. Nevertheless, the court found a review of the transcript as a whole showed that the waiver of counsel was free and voluntary. Similar to Barron, Defendant in the instant case was advised by the court of his Boykin rights; Defendant, although not specifically informed of the right to counsel in the colloquy, nevertheless acknowledged his right to counsel on the waiver form; the trial judge asked whether any threats had been made; and the waiver form further recited Defendant's acknowledgment that no promises had been made. As in Barron, Defendant herein did not ask questions or express hesitation during the colloquy. Further, Defendant acknowledged on the waiver form he had no further questions, and in the colloquy agreed he understood the Boykin waiver.
However, unlike Barron, in which the trial judge conducted a colloquy with defendant regarding the right to counsel, the trial judge here did not verbally conduct a colloquy, although the State referred to the waiver form.
The seminal issue, therefore, is whether the waiver form, absent a verbal interchange on the record, and considering the totality of the circumstances, is sufficient to show a waiver of the right to counsel.
In State v. Deroche, 96-1376 (La.11/8/96), 682 So.2d 1251, 1252 (citations omitted), the court held:
The accused's signature on a printed waiver form advising him of his right to counsel and warning him of the danger of self-representation, and the signature of the trial judge on the same form that he is satisfied the accused understood the nature of his plea and its consequences, do not discharge the duty of the trial judge to advise the defendant expressly of his right to counsel and to determine "on the record that the waiver is made knowingly and intelligently under the circumstances," taking into account such factors as the defendant's age, background, and education.
The parameters of Deroche were addressed in State v. Lodrigue, 97-1718 (La. App. 1 Cir.5/15/98), 712 So.2d 671, 673:
In State v. Snider, 30,568 (La.App. 2 Cir.10/21/97), 707 So.2d 1262, writ denied, 97-3025 (La.2/13/98), 709 So.2d 748, in an attempt to delineate the scope of the brief per curiam opinion in Deroche, the Second Circuit analyzed the jurisprudence, particularly the Louisiana Supreme Court's opinion in Strain and this court's opinion in [State v.] Marcoux [96-0453, pp. 2-3 (La.App. 1st Cir.3/27/97), 691 So.2d 775, 777]. The Second Circuit rejected Snider's contention that Deroche condemned the use of preprinted forms per se, finding that the *1084 holding of Deroche was not so broad. After analyzing the jurisprudence, the Second Circuit found that the phrase "on the record" in Deroche meant "in" the entire record and concluded:
Thus, while the use of a printed form alone is not sufficient to establish a knowing and intelligent waiver of the right to the assistance of counsel, the use of such a form in conjunction with other matters which appear in the record viewed as a whole may establish that the waiver was valid.

State v. Snider, 707 So.2d at 1266.
Thus, in view of Lodrigue, interpreting Deroche, and in light of the totality of the circumstances, we find a valid waiver of counsel considering other matters that appear in the record.
In Pickett, we held that the record of a 1994 predicate misdemeanor DWI guilty plea supported a valid waiver of counsel, even though the trial judge did not specifically inquire into defendant's personal background or his education before accepting his guilty plea. However, the transcript indicated that the trial judge had verbally advised defendant of his right to the assistance of a lawyer. Importantly, the transcript, as in the instant case, indicated that defendant spoke with the district attorney prior to entering his guilty plea, and subsequently pled guilty under LSA-C.Cr.P. art. 894. Additionally, the Pickett record contained a waiver of rights form signed by defendant and the trial judge outlining the rights that would be waived by a guilty plea. Under these circumstances, we determined in Pickett that the waiver of counsel was valid. Pickett, 746 So.2d at 189.
Further, in Boudreaux, where there was no transcript of the plea colloquy, we nevertheless found that the totality of the circumstances supported a valid waiver of counsel in the second predicate DWI offense, even though the record did not show that the trial judge specifically inquired into defendant's background or ability to understand the proceedings.[4] The record of the predicate offense in Boudreaux included a bill of information charging defendant with second offense DWI, as well as other traffic offenses. The arraignment minute entry indicated that defendant had pled not guilty, and that the trial court had advised defendant of his right to counsel. That minute entry, unlike the one here, reflected that an attorney was appointed to represent defendant at arraignment. The record also contained the minute entry reflecting that defendant pled guilty several months later to an amended charge of first offense DWI. However, the minute entry did not indicate that defendant was represented by counsel when he pled guilty. The record also included a waiver of rights form signed by defendant which provided that defendant understood his right to counsel, that he wished to waive that right and wished to enter the guilty plea without the assistance of counsel. Id. at 511.
Although the facts in the instant case are not precisely identical to Pickett-Boudreaux-Barron, we find that the facts are sufficiently similar.
Defendant, on the other hand, relies on Garrity as support of his claim that his waiver of counsel in the 1995 guilty plea was invalid. In Garrity, we held that defendant's waiver of counsel was invalid in the predicate misdemeanor DWI guilty *1085 plea. The transcript of the predicate offense indicated that Garrity was unrepresented when he entered his guilty plea. We concluded that record reflected that the judge did not verbally advise defendant of his right to counsel, and that the trial judge had not made any inquiries into defendant's background or his ability to understand the proceedings. Additionally, we found that the guilty plea form only advised Garrity of the right to counsel at trial, but did not explain the right to be represented by counsel at all stages of the proceedings. The form used in Garrity and the one herein reciting the waiver of the right to counsel are identical. Garrity, 708 So.2d at 1097-1098. However, the only indication the Garrity defendant was informed of any rights was a "claim" by the assistant district attorney that he provided defendant with a Boykin form and asked Garrity whether he had any questions. Id. at 1097-1098. In Garrity, we concluded that the record failed to demonstrate that defendant was sufficiently advised of the right to counsel, or that he intelligently waived that right. Id. at 1098.
The record here, however, contains some significant factors not noted in Garrity. The record indicates that Defendant was informed at arraignment of his right to counsel, thereby being informed of a right to counsel even at this preliminary stage of the proceedings. Further, Defendant signed a form waiving his right to counsel, which acknowledged his right to ask questions, but he did not ask questions or express hesitation during the colloquy. Finally, the guilty plea was to Defendant's benefit, since the charge was reduced to first offense DWI, the other charges were dismissed, and Defendant was allowed to plead under Article 894.
Therefore, considering the totality of the circumstances, we find that Defendant validly waived his right to counsel in the 1995 proceedings,[5] and the trial judge properly denied the motion to quash.

PATENT ERROR REVIEW
Finally, in reviewing the record for errors patent, we find a partially illegally excessive sentence regarding the imposition of the fine.
Defendant was sentenced on December 7, 1999, for DWI-3 occurring on August 30, 1996. At sentencing the trial judge informed Defendant of his sentencing exposure, specifically advising him there was a mandatory fine of $2,000. The State reiterated the fine was mandatory. The trial judge imposed a fine of $2,000. However, at the time of the offense the fine was discretionary, not mandatory. The statute read in pertinent part, "and may be fined not more than two thousand dollars." L.A.-R.S. 14:98D.
*1086 In 1997 the law changed to provide for a mandatory fine as follows, "and shall be fined two thousand dollars." 1997 La. Acts No. 1296, § 2, effective July 15, 1997.
The imposition of the mandatory fine under a version of the statute that was not in effect at the time of the offense, is a constitutionally prohibited ex post facto violation. In State v. Bodenheimer, 95-861 (La.App.5 Cir.11/28/95); 665 So.2d 608, 610, we discussed the constitutional parameters of ex post facto application of criminal laws as follows:
Ex post facto application of criminal laws by the state is prohibited by Article I, Section 10 of the United States Constitution and by Article I, Section 23 of the Louisiana Constitution. The United States Supreme Court discussed the nature of ex post facto violations in Collins v. Youngblood, 497 U.S. 37, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990), and determined that the constitutional prohibition against ex post facto laws is triggered only by a statute which:
... punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with crime of any defense available according to law at the time when the act was committed...

Collins v. Youngblood, 497 U.S. at 42, 110 S.Ct. at 2719 [quoting Beazell v. Ohio, 269 U.S. 167, 169-170, 46 S.Ct. 68, 68, 70 L.Ed. 216 (1925)].
A constitutionally prohibited ex post facto violation requires more than simply a retrospective law which alters a defendant's situation to his disadvantage. Collins, 497 U.S. at 50, 110 S.Ct. at 2723. Conversely, a retrospective change in the law is not insulated from ex post facto scrutiny merely by labeling the change as "procedural," because certain procedural changes may deprive a defendant of substantial protections in a manner constituting an ex post facto violation. Collins, 497 U.S. at 45-46, 110 S.Ct. at 2720-2721 [citing, among other cases, Beazell, 269 U.S. at 171, 46 S.Ct. at 69, and Duncan v. Missouri, 152 U.S. 377, 382-383, 14 S.Ct. 570, 571-572, 38 L.Ed. 485 (1894)].
Our own Supreme Court recently addressed the constitutional parameters of ex post facto application of criminal laws in its per curiam opinion in State v. Rolen, 95-0347, p. 3 (La. 9/15/95, revised 11/1/95), 662 So.2d 446, 448:
Art. I, § 10 of the United States Constitution and La. Const. art. I, § 23 prohibit the ex post facto application of the criminal law by the state. For a criminal or penal law to fall within this prohibition, it "must apply to events occurring before its enactment, and it must disadvantage the offender affected by it." Weaver v. Graham, 450 U.S. 24[29], 101 S.Ct. 960, 964, 67 L.Ed.2d 17 (1981). "Critical to relief under the Ex Post Facto Clause," Weaver observes, "is not an individual's right to less punishment, but the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated." Id. (Emphasis supplied). The Ex Post Facto Clause therefore assures "that persons have fair notice of potential criminal punishment and will be able to rely for their conduct on the criminal law as it exists at the time of their acts." Prater v. United States Parole Comm'n, 764 F.2d 1230, 1239 (7th Cir.1985).
Applying the foregoing constitutional guidelines to the present case, the retroactive application of LSA-R.S. 14:98D would *1087 clearly result in an ex post facto violation. Since the imposition of a mandatory fine instead of a discretionary fine makes more burdensome the punishment for the crime, and does not merely alter Defendant's situation to his disadvantage, but deprives defendant of substantial protection, the mandatory fine of $2,000 is an ex post facto violation constituting an Illegally excessive sentence.
Accordingly, for the reasons stated, Defendant's conviction is affirmed; the sentence is partially vacated insofar as the imposition of the fine; and the case is remanded for re-sentencing in accordance the provisions of L.A.-R.S. 14:98D, prior to amendment by 1997 La. Acts No. 1296, § 2.
CONVICTION AFFIRMED; SENTENCE VACATED IN PART; CASE REMANDED WITH INSTRUCTIONS
NOTES
[1] State v. Crosby, 338 So.2d 584 (La.1976)
[2] Defendant here attaches some documents that appear to relate to the 1993 guilty plea in support of his challenge to that conviction. However, these documents were not introduced at the hearing on the motion to quash. Both the Louisiana Supreme Court and this Court have recognized that courts of appeal have no authority to receive or review evidence not contained in the trial court record. State v. Oubichon, 422 So.2d 1140, 1141 (La. 1982); State v. Bibb, 626 So.2d 913, 924 (La. App. 5 Cir.1993).
[3] The article authorizes, among other things, suspension or deferral of sentence, probation, and dismissal of prosecution in misdemeanor cases.
[4] The validity of the defendant's waiver of counsel was at issue in both of the predicate offenses in Boudreaux. Although the court concluded that the record of the first predicate DWI did not reflect a valid waiver of counsel, the court concluded that the defendant's waiver of counsel was valid in the second predicate DWI guilty plea.
[5] Defendant also relies on the following cases: State v. Pugh, 588 So.2d 702 (La.1991)(trial judge pressed for prompt resolution of the case and there was no recorded inquiry of waiver; a plea of "no contest" is insufficient for waiver); State v. Wiggins, 399 So.2d 206, 208 (La.1981) (waiver of right to counsel cannot be presumed solely from defendant's expressed desire to plead guilty); and State v. Skeetoe, 501 So.2d 931, 934, n. 1 (La.App. 2 Cir.1987) (no indication defendant was advised of the right to counsel at all stages of the proceedings and no indication that if defendant did not understand the proceeding he could ask questions)-cases which held that uncounselled pleas could not be used for enhancement, although factually dissimilar. Defendant further relies on State v. Ayres, 509 So.2d 763, 767-768 (La.App. 2 Cir.1987), a case in which the court held the uncounselled pleas could not be used for enhancement. In contrast to Ayres, the court in the instant case did attempt to determine Defendant's understanding of the waiver through the waiver form wherein Defendant recognized he had no further questions to ask, thereby acknowledging the opportunity to ask questions.