868 So.2d 871 (2004)
STATE of Louisiana
v.
Kirk A. FRISELLA.
No. 03-KA-1213.
Court of Appeal of Louisiana, Fifth Circuit.
February 23, 2004.
*872 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Thomas J. Butler, Kenneth Bordelon, Assistant District Attorneys, Gretna, LA, for the State of Louisiana, Plaintiff/Appellee.
Mark P. Burton, Gretna, LA, for Kirk Frisella, Defendant/Appellant.
*873 Panel composed of Judges JAMES L. CANNELLA, THOMAS F. DALEY and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
Defendant, Kirk A. Frisella, appeals his conviction of driving while intoxicated, third offense, a violation of LSA-R.S. 14:98(D)(1). Defendant pled guilty to the charge pursuant to State v. Crosby, and assigns as error the trial court's denial of this Motion to Quash in which he challenged the constitutionality of his guilty plea on the predicate offense. For the reasons stated more fully herein, we reverse the ruling of the trial court and remand the case for further proceedings.

FACTS AND PROCEDURAL HISTORY
On December 12, 2002, the Jefferson Parish District Attorney's Office filed a bill of information charging defendant, Kirk A. Frisella, with driving while intoxicated, third offense, in violation of LSA-R.S. 14:98(D). On January 16, 2003, defendant was arraigned on the charge and entered a plea of not guilty. Thereafter, defendant filed various pre-trial motions including a Motion to Quash and a Motion to Suppress. On February 2, 2003, after requesting and being denied a continuance, defendant withdrew his Motion to Suppress. Thereafter, on March 18, 2003, defendant's Motion to Quash was heard and denied.
That same day, defendant withdrew his plea of not guilty and entered a plea of guilty to the charges pursuant to State v. Crosby, 338 So.2d 584 (La.1976). Thereafter, defendant was sentenced to two years of imprisonment at hard labor with the first thirty days of his sentence served without benefit of probation, parole or suspension of sentence and ordered to pay a fine as set out on the conditions of probation form signed by him and his attorney. The remainder of defendant's sentence was suspended and defendant was ordered to undergo an evaluation to determine the nature and extent of his substance abuse disorder. The trial court also ordered defendant to enter an in-patient substance abuse program for not less than four weeks and not more than six weeks and ordered that, upon completion of the program, defendant serve the remainder of his sentence in home incarceration. Defendant subsequently filed a timely motion for appeal.

ASSIGNMENT OF ERROR
Is it permissible under the Constitution of the State and the Statutes to sustain a conviction of a person who is not advised by the Trial Court of his Constitutional right to an attorney and of his Right to Have an Attorney Present without charge, if he cannot afford one[?]

DISCUSSION
A guilty plea normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and precludes review of such defects either by appeal or post-conviction relief. State v. Raines, 00-1942 (La.App. 5 Cir. 5/30/01), 788 So.2d 630, 632. However, a defendant may be allowed appellate review if at the time he enters a guilty plea, he expressly reserves his right to appeal a specific adverse ruling in the case. State v. Crosby, supra; State v. King, 99-1348 (La.App. 5 Cir. 5/17/00, 761 So.2d 791), writ denied, 00-1824 (La.6/29/01), 794 So.2d 822.
In the instant case, defendant failed to specify which pre-trial ruling he desired to reserve for appeal as part of his guilty plea entered pursuant to State v. Crosby, 338 So.2d 584 (La.1976). However, the record reflects the only pretrial ruling in the instant case was on defendant's Motion to Quash. Accordingly, we find that defendant preserved his right to appeal the trial court's ruling on the Motion to Quash.
*874 On appeal defendant argues that the trial court erred in refusing to grant his Motion to Quash the Bill of Information. Defendant contends that his predicate guilty plea was constitutionally infirm because the trial court failed to assess his understanding of his right to an attorney by making an inquiry into his education and background and by failing to advise him of his right to be appointed an attorney if indigent. The State responds that the transcript of the hearing on defendants guilty plea and a signed waiver of rights form sufficiently establish defendant was advised of his right to counsel and waived that right.
In State v. Carlos, 98-1366 (La.7/7/99), 738 So.2d 556, the Louisiana Supreme Court extended the burden-shifting principles applicable to habitual offenders, as established in State v. Shelton, 621 So.2d 769, 779-780 (La.1993), to the recidivist provisions of the DWI statute. State v. Theriot, 00-0870 (La.App. 5 Cir. 1/30/01), 782 So.2d 1078, 1080. When a defendant challenges the constitutional validity of a predicate DWI conviction resulting from a guilty plea, the State bears the initial burden of proving 1) the existence of the guilty plea, and 2) that he was represented by counsel during the plea. State v. Carlos, supra, 738 So.2d at 559; State v. Theriot, supra, 782 So.2d at 1080. If the State meets this burden, the defendant must produce affirmative evidence indicating an infringement of his rights or a procedural irregularity in the taking of the plea. Id. If the defendant satisfies that requirement, then the burden of proving the constitutionality of the plea shifts back to the State. Id. This does not abrogate the longstanding jurisprudence requiring the State to prove that the defendant knowingly and intelligently waived his right to counsel before pleading guilty to a predicate misdemeanor DWI that is used to enhance a subsequent DWI plea. State v. Granier, 03-447 (La.App. 5 Cir. 9/30/03), 857 So.2d 1176, 1178-1179; State v. Kerwin, 02-103 (La.App. 5 Cir. 5/15/02, 821 So.2d 28).
Article I, Section 13 of the Louisiana Constitution provides as follows regarding the right to counsel:
When any person has been arrested or detained in connection with the investigation or commission of any offense, he shall be advised fully of the reason for his arrest or detention, his right to remain silent, his right against self incrimination, his right to the assistance of counsel and, if indigent, his right to court appointed counsel. In a criminal prosecution, an accused shall be informed of the nature and cause of the accusation against him. At each stage of the proceedings, every person is entitled to assistance of counsel of his choice, or appointed by the court if he is indigent and charged with an offense punishable by imprisonment....
Additionally, LSA-C.Cr.P. art. 514 requires that "[t]he minutes of the court must show either that the defendant was represented by counsel or that he was informed by the court of the defendant's right to counsel, including the right to court-appointed counsel, and that he waived such right."
Because an accused managing his own defense relinquishes many of the traditional benefits associated with the right to counsel, he must knowingly and intelligently forego those benefits in order to represent himself. The trial judge must determine whether the accused who wishes to represent himself is competent to waive counsel and is voluntarily exercising his informed free will. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); State v. Carpenter, 390 So.2d 1296 (La.1980).
*875 The trial court's inquiry should involve more than an interchange of "yes" or "no" responses from the defendant. State v. Kirsch, 01-1017, (La.App. 5 Cir. 3/26/02), 815 So.2d 215, 218. A waiver of counsel in order that an accused may enter into self-representation must be clear and unequivocal. Kirsch, 815 So.2d at 218.
Before accepting a misdemeanor guilty plea, the trial judge should expressly advise defendant of his right to counsel and to appointed counsel if he is indigent. State v. Strain, 585 So.2d 540, 543-544 (La.1991); State v. Garrity, 97-958 (La.App. 5 Cir. 1/27/98), 708 So.2d 1096, 1098. Once informed of the right to counsel, the defendant may intentionally waive that right. State v. Strain, 585 So.2d at 542; State v. Perez, 02-587 (La. App. 5 Cir. 11/26/02), 831 So.2d 542, 545, writ denied, 03-0221 (La.5/2/03), 842 So.2d 1100. The judge should determine if the waiver is knowing and intelligent under the circumstances. State v. Strain, 585 So.2d at 543-544; State v. Garrity, 708 So.2d at 1098. In determining the knowing and intelligent nature of the waiver of right to counsel, the trial judge should consider such factors as the age, education, experience, background, competency and conduct of the accused as well as the gravity of the offense. State v. Rodrigue, 01-377 (La.App. 5 Cir. 8/28/01), 795 So.2d 488, 493; State v. Pickett, 99-532 (La.App. 5 Cir. 10/26/99), 746 So.2d 185, 188. "Whether an accused has made a knowing and intelligent waiver of his right to counsel is a question which depends upon the facts and circumstances of each case. State v. Strain, 585 So.2d at 542; State v. Rodrigue, 795 So.2d at 493. The Louisiana Supreme Court has recognized that crimes of driving while intoxicated are non-complex crimes, and almost self explanatory, thus requiring less judicial inquiry to determine if defendant understood his waiver of counsel in the case of a guilty plea. State v. Strain, 585 So.2d at 542.
In the instant case, in conjunction with his motion to quash, defendant introduced a copy of the transcript of the 1995 guilty plea and a signed Waiver of Rights form. The transcript reflects defendant was advised of the following:
THE COURT:
Mr. Frisella, you are entering this plea. Do you understand you are waiving your constitutional rights to the trial, to the appeal, the right to require the State to prove you guilty beyond a reasonable doubt, the right to cross-examine the witnesses that would have been called to testify, and your right not to be compelled to incriminate yourself? You are also doing this without the benefit of an attorney. You are waiving your rights. Do you understand that?
THE DEFENDANT:
Yes, Sir.
Furthermore, the Waiver of Rights form signed by defendant provided in part the following:
I UNDERSTAND THAT BY ENTERING A GUILTY PLEA I AM GIVING UP THE FOLLOWING RIGHTS:
My right to a (jury) trial.
My right to require the State to prove my guilt beyond a reasonable doubt.
My right to cross-examine witnesses called to testify against me.
My right not to be compelled to incriminate myself.
My right to appeal.
I UNDERSTAND THAT BY PLEADING GUILTY I AM AUTHORIZING THE COURT TO IMPOSE UP TO THE MAXIMUM SENTENCE PROVIDED BY LAW WITHOUT A TRIAL.

*876 I UNDERSTAND MY RIGHT TO THE ASSISTANCE OF A LAWYER AND WISH TO WAIVE THAT RIGHT AND ENTER A GUILTY PLEA WITHOUT THE ASSISTANCE OF A LAWYER.
I UNDERSTAND THAT THIS PLEA CAN BE USED AGAINST ME AS A SECOND OR THIRD OFFENDER, AND THAT THIS PLEA CAN SERIOUSLY AFFECT ME UNDER THE HABITUAL OFFENDER LAW.
In State v. Theriot, 00-870 (La.App. 5 Cir. 1/30/01), 782 So.2d 1078, the State introduced a copy of a minute entry, Waiver of Rights form, and a transcript of the defendant's predicate guilty plea. The transcript reflected that defendant was properly advised of his Boykin rights but was not specifically advised of his right to counsel. However, the waiver of rights form encompassed all of the rights stated by the trial judge as well as the right to counsel and appointed counsel if indigent. Further, the record of the predicate offense reflected that the defendant had been informed of his right to counsel at arraignment, and the signed waiver of rights form acknowledged his right to ask questions. Based on these factors, this Court concluded that defendant validly waived his right to counsel, despite the trial judge not inquiring into the defendant's background or education or verbally advising defendant of his right to counsel.
In the instant case, the "Waiver of Rights" form signed by defendant indicates he was advised of his right to counsel. However, an examination of the 1995 guilty plea colloquy fails to clearly indicate that defendant was verbally advised of that right. Furthermore, unlike the situation in Theriot, there is no indication in the record that defendant was afforded the opportunity to ask questions, that he met with the district attorney concerning the 1995 guilty plea, or that the plea agreement was to defendant's benefit. Additionally, neither the "Waiver of Rights" signed by defendant nor the guilty plea colloquy reflects that defendant was specifically advised of his right to appointed counsel if he was indigent as required by the constitution and LSA-C.Cr.P. art. 514.
Since the documents introduced concerning defendant's 1995 guilty plea fail to show that defendant was advised of his right to court appointed counsel as mandated by LSA-C.Cr.P. art. 514, we fail to find that defendant's waiver of counsel was intelligently and knowingly made. See, State v. Vezina, 391 So.2d 450, 452 (La. 1980); State ex rel. Bishop v. Blackburn, 384 So.2d 406, 408 (La.1980). Furthermore, the record fails to contain any evidence in the record from which the trial court could have determined defendant knowingly and intelligently waived his right to counsel. See, State v. Granier, 03-447 (La.App. 5 Cir. 9/30/03), 857 So.2d 1176, 1182; State v. Deroche, 96-1376 (La.11/8/96), 682 So.2d 1251.
Accordingly, we conclude that the trial court erred in failing to grant defendant's Motion to Quash the 1995 predicate guilty plea in this case.

ERROR PATENT DISCUSSION
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). Although errors patent were found regarding the sentence, our disposition of this appeal renders this discussion moot.

CONCLUSION
Accordingly, the ruling of the trial court denying Kirk Frisella's motion to quash as it applies to the 1995 predicate offense is hereby reversed. The case is remanded to *877 the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.